BIRMINGHAM et v BROWN et

Ohio Appeals, 8th Dist, Cuyahoga Co.

Decided June 24, 1929

Herman Spielberg, Cleveland, for Birmingham et.

W. M. Kastriner, Cleveland, for Brown et.

SULLIVAN, J.

There were no counter-affidavits filed as to the affidavit to support the motion for a receivership and there was no other evidence of any kind that was offereed so far as the record is concerned, although it is stated, and it would appear so to be confirmed by the journal entry, that counsel made a statement as to the value of the land that made the security sufficient for the payment of the notes. It makes no difference what the reason for a judgment of the court is, if the judgment is right. The reason may be wrong and the judgment correct and as was said by former Associate Justice Hughes of the Supreme Court of the United States, there should be a paucity of opinion instead of an abundance because the tendency of the times is to give a wrong reason as a basis for a judgment and oft times the reason was wrong but the judgment right. It appears, in the affidavit for the support of the motion, unchallenged that the notes were in peril because of the deficiency in the mortgage securities and so far as the record is concerned, this situation seems to justify the court in its appointment of a receiver upon the motion supported by the affidavit, especially as it is our judgment that where it appears as in the instant case, that the rents and profits have been pledged as additional security and the same has been so set forth in the mortgage, the necessity of showing inadequacy of security does not arise and if it appears that the security is in peril a receivership is the logical outcome and the usual procedure, and outside of the statute receivers are appointed where established precedent has made it the usual course of procedure, and we think that in the instant case this doctrine was sufficient for the appointment of a receiver. However, if we turn to the power of the court under the statute for the appointment of a receiver which is found in **11894 GC.** we find that under section 2 in an action by a mortgagee for the foreclosure of a mortgage and the sale of the mortgaged property, that a receiver may be appointed if it appears that the mortgaged property is in danger and that the property is insufficient to discharge the mortgage debt after all taxes, assessments and other costs are paid. This law was laid down in an able opinion by Ruhl, J. in the case of **Ohio Mutual Savings & Loan Co. vs Public Construction Co. et al**, dated Oct. 26, 1926, **26 Nisi Prius Rep. 371**, and in the 85 N. Y. Suppl. 1008, 118, U. S. Supp. 1056, Ling vs Marcus, 104 Ill. 428-29, it was laid down that where there are mortgage clauses pledging the rents and profits there is a sufficiency of fact for the appointment of a receiver.

In Ohio and Illinois the statutes are

similar and we are content to rest our opinion upon 104 Ill. supra.

It is claimed that the appointment of a recevier was unlawful because the appointee was an interested party. We do not find any facts in the record that justify this conclusion because we find no interest that the appointee has or might have in any of the property or the litigation concerning the same.

Holding these views the judgment of the lower court is hereby affirmed.

Vickery, PJ and Levine, J, concur.