[Cite as *Huntington Natl. Bank v. Prospect Park, L.L.C.*, 2011-Ohio-5391.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96218**

---

## THE HUNTINGTON NATIONAL BANK, ET AL.

PLAINTIFFS-APPELLEES

vs.

## PROSPECT PARK, LLC, ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-720895

**BEFORE:** S. Gallagher, J., Stewart, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** October 20, 2011

**ATTORNEY FOR APPELLANT**

Gerald W. Phillips
Phillips & Co., LPA
P.O. Box 269
Avon Lake, OH 44012

**ATTORNEYS FOR APPELLEES**

E. Mark Young
David R. Mayo
Benesch, Friedlander, Coplan & Aronoff, LLP
200 Public Square
Suite 2300
Cleveland, OH 44114

**For Park View Federal Savings Bank**

Sarah Blackburn
Cavitch, Familo & Durkin Co., LPA
1300 East 9th Street, 20th Floor
Cleveland, OH   44114

**For Receiver**

Bernard H. Niehaus
Frantz Ward LLP
127 Public Square
Suite 2500
Cleveland, OH   44114

**For Treasurer of Cuyahoga County**

William D. Mason
Cuyahoga County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Prospect Park LLC, appeals the decision of the Cuyahoga County Court of Common Pleas that granted the motion for appointment of receiver filed by plaintiffs-appellees, The Huntington National Bank, successor by merger to Sky Bank and Metropolitan Bank and Trust Company, et al.[1]  For the reasons stated herein, we affirm the decision of the trial court.

{¶ 2} Plaintiffs filed a verified complaint on March 10, 2010, seeking to foreclose on property owned by Prospect Park at 4614 Prospect Avenue in Cleveland ("the property").  Plaintiffs each possess an ownership interest in the loan documents that are the subject of this action.  Plaintiffs aver in their complaint that Prospect Park executed a cognovit promissory note in the principal amount of $1,700,000.  A cognovit guaranty was executed by David B. Snider and Sam P. Cannata.  In order to secure payment of the note, Prospect Park executed an open-end mortgage and security agreement on the property.  Following a default under the note and guaranty, plaintiffs obtained a cognovit judgment in excess of $1 million in Cuyahoga County Common Pleas Court Case No. CV-715934.  They then commenced this foreclosure action.

---

[1] Plaintiffs-appellees include The Huntington National Bank, successor by merger to Sky Bank and Metropolitan Bank and Trust Company; and Pacific Western Bank, f.k.a. Affinity Bank, successor in interest to NetBank.  Also named as defendants in the action are Park View Federal Savings Bank and the Cuyahoga County Treasurer.

**{¶ 3}** In conjunction with the complaint, plaintiffs filed a motion for the appointment of a receiver without notice. They sought the appointment of a receiver pursuant to R.C. 2735.01 et seq. and the terms of the mortgage. The mortgage contains a provision pertaining to the appointment of a receiver that provides in pertinent part as follows: "At any time following an Event of Default, Lender shall be entitled as a matter of right, without notice to Mortgagor * * *, to the appointment of a receiver for the benefit of Lender, with power to take immediate possession of the Mortgaged Property, manage, rent and collect the rents, issues and profits thereof. * * *."

**{¶ 4}** On June 23, 2010, Prospect Park filed a response to the motion to appoint a receiver. Prospect Park requested that the current property manager, Snider-Cannata Property Management LLC (hereafter "SCPM"), be appointed as receiver. Prospect Park asserted that SCPM had been managing the property, was experienced and familiar with the property, and would provide proper accounting services and reports. It claimed that the financial problems with the property stemmed from market conditions and that the termination of the current property manager's services would be detrimental to the property.

**{¶ 5}** On November 23, 2010, the trial court granted the motion and appointed Jack Cornachio of Midwest Realty Advisors as the receiver. The trial court found as follows: "[T]he court finds that [Prospect Park] has not met obligations as they come due and that a Receiver should be appointed to take charge of, collect rents, income and profits and to otherwise manage and preserve the real and personal property of Defendant

Prospect Park located at 4614 Prospect Avenue, Cleveland, Ohio 44103 and described in further detail in the Mortgage * * *. The Court finds that a Receiver should be appointed * * *. The Court further finds that the facts in this matter support a finding that the requirements of Ohio Revised Code § 2735.01 have been met and that the appointment of a Receiver is an appropriate remedy."

{¶ 6} Prospect Park timely filed this appeal, raising seven assignments of error. As all the assignments of error challenge the appointment of the receiver, we shall address them together. Prospect Park argues that the trial court abused its discretion in appointing a receiver because the trial court (1) failed to apply the clear and convincing evidence standard; (2) failed to conduct an evidentiary hearing; (3) appointed a receiver when plaintiffs failed in their burden of persuasion and proof; (4) appointed a receiver based solely upon the satisfaction of a statutory condition; (5) appointed a receiver without proof that a receivership is necessary for preservation of the complainants' rights; (6) appointed a receiver without proof and establishment of irreparable harm and injury; and (7) violated the constitutional due process rights of appellant.

{¶ 7} R.C. 2735.01 permits a court to appoint a receiver in certain cases, including in relevant part: "(B) In an action by a mortgagee, for the foreclosure of his mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has not been performed, and the property is probably insufficient to discharge

the mortgage debt; (C) After judgment, to carry the judgment into effect; * * * [and] (F) In all other cases in which receivers have been appointed by the usages of equity."

**{¶ 8}** It is well recognized that the appointment of a receiver is an extraordinary remedy. *Malloy v. Malloy Color Lab, Inc*. (1989), 63 Ohio App.3d 434, 437, 579 N.E.2d 248. As such, the party requesting the receivership must show by clear and convincing evidence that the appointment is necessary for the preservation of the complainant's rights. Id. "Clear and convincing evidence" is defined as "that degree of proof which will provide in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." (Citations omitted.) *Barkley v. Barkley* (1997), 119 Ohio App.3d 155, 168-169, 694 N.E.2d 989.

**{¶ 9}** The decision to appoint a receiver is vested in the sound discretion of the trial court. *State ex rel. Celebrezze v. Gibbs* (1991), 60 Ohio St.3d 69, 73, 573 N.E.2d 62. When determining whether to appoint a receiver, a trial court "'must take into account all the circumstances and facts of the case, the presence of conditions and grounds justifying the relief, the ends of justice, the rights of the parties interested in the controversy and subject matter, and the adequacy and effectiveness of other remedies.'" Id., quoting 65 American Jurisprudence 2d (1972) 873, 874, Receivers, Sections 19, 20.

**{¶ 10}** In this case, the trial court appointed a receiver upon the motion of plaintiffs that was filed with the verified complaint. The verified complaint, which was sworn to, contained competent evidence showing that Prospect Park had defaulted under the note and guaranty, a substantial cognovit money judgment was obtained, and the mortgage

expressly provided for the appointment, without notice, of a receiver with the power to manage, rent, and collect the rents, issues, and profits of the mortgaged property. Plaintiffs refer to cases supporting the view that where an instrument, such as a mortgage, provides for the appointment of a receiver and conveys the rents and profits, a court has the authority to appoint a receiver under R.C. 2735.01(F). See *Fed. Land Bank of Louisville v. De Ran* (1944), 74 Ohio App. 365, 59 N.E.2d 54; *Birmingham v. Brown* (1929), 32 Ohio App. 547, 168 N.E. 388.

{¶ 11} We recognize that the mortgage contained a provision for the appointment of a receiver without notice. Such provisions have been held to effectively waive the requirement that notice be given prior to the appointment of a receiver. See *Metro. Life Ins. Co. v. Triskett Illinois, Inc.* (1994), 97 Ohio App.3d 228, 236, 646 N.E.2d 528; *Mfrs. Life Ins. Co. v. Patterson* (1988), 51 Ohio App.3d 99, 101, 554 N.E.2d 134.[2] Likewise, it has been stated that "[t]he specific requirements set forth in R.C. 2735.01 may be effectively waived by the parties if such waiver is expressed in a mortgage provision." *Harajli Mgt. & Invest., Inc. v. A&M Invest. Strategies, Inc.,* 167 Ohio App.3d 546, 2006-Ohio-3052, 855 N.E.2d 1262, ¶ 57.

{¶ 12} We also note that in its response, Prospect Park did not object to the appointment of a receiver, but instead requested that the current property manager be retained as the receiver. However, "A 'receiver' has been defined in relevant part as

---

[2] In any event, the record herein shows that Prospect Park was aware of the motion as they filed a response.

'[a]n indifferent person between the parties to a cause, appointed by the court to receive and preserve the property or fund in litigation, and receive its rents, issues, profits, and apply or dispose of them at the direction of the court * * *.'"  *State ex rel. Celebrezze*, 60 Ohio St.3d at 74, fn. 4, quoting Black's Law Dictionary (6th Ed. 1990) 1268.

{¶ 13} While Prospect Park claims the trial court erred in granting the motion without any evidentiary hearing on the need for a receivership, this court has previously recognized that a trial court is not statutorily obligated to conduct an evidentiary hearing. *Poindexter v. Grantham*, Cuyahoga App. No. 95413, 2011-Ohio-2915, ¶ 14.   Here, plaintiffs presented evidence that Prospect Park had consented to the appointment of a receiver upon the incidence of default.   Under such circumstances, a trial court does not abuse its discretion in appointing a receiver.   See *Harajli Mgt. & Invest., Inc.,* 167 Ohio App.3d 546; *Whipps v. Ryan*, Franklin App. Nos. 08AP-838 and 08AP-839, 2009-Ohio-2228, ¶ 21; *Bank One, Columbus, NA v. O'Brien* (Mar. 24, 1992), Franklin App. Nos. 91AP-166 and 91AP-441.

{¶ 14} Our review reflects that the appointment of the receiver was made in accordance with R.C. 2735.01 and the terms of the mortgage.   Because we find the trial court's decision was supported by clear and convincing evidence, we find no abuse of discretion occurred.   Accordingly, we overrule the assigned errors.

Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR