[Cite as *Wells Fargo Bank, NA v. McConnnell*, 2012-Ohio-5159.]


COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| WELLS FARGO BANK, NA | JUDGES: |
| | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 12CAE070040 |
| RYAN MCCONNELL, ET AL. | |
| | |
| Defendants-Appellants | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Delaware County Court of Common Pleas, Case No. 11CV060733 |
| | |
| JUDGMENT: | Affirmed |
| | |
| DATE OF JUDGMENT ENTRY: | November 5, 2012 |
| | |
| APPEARANCES: | |


| | |
|---|---|
| For Plaintiff-Appellee | For Defendants-Appellants |


| | |
|---|---|
| SCOTT A. KING | JOHN SHERROD |
| Thomas Hine LLP | Mills, Mills, Fiely & Lucas, LLC |
| Austin Landing I | 503 South Front Street, Ste. 240 |
| 10050 Innovation Drive, Suite 400 | Columbus, Ohio 43215 |
| Dayton, Ohio 45401 | |
| | |
| TERRANCE A. MEBANE | |
| Thompson Hine LLP | |
| 41 South Hight Street, Suite 1700 | |
| Columbus, Ohio 43215 | |

*Hoffman, J.*

{¶1}    Defendants-appellants Ryan and Stefanie McConnell appeal the June 13, 2012 Judgment Entry entered by the Delaware County Court of Common Pleas, which granted summary judgment in favor of plaintiff-appellee Wells Fargo Bank NA ("the Bank").

STATEMENT OF THE FACTS AND CASE

{¶2}    On August 19, 2005, Appellants executed a promissory note ("the Note"). The Note was secured by a mortgage against real property located at 128 High Meadows Circle, Powell, Ohio ("the Property").   The Note was payable to, and the Mortgage was in favor of, the Bank.   Appellants and the Bank executed a Loan Modification Agreement ("the LMA") dated April 22, 2009.   The LMA changed the amount of the unpaid principal balance under the Note, reduced Appellants' monthly mortgage payments, and lowered the interest rate under the Note.

{¶3}    On June 22, 2011, the Bank filed a Complaint against Appellants, seeking to recover the balance due under the Note, and to foreclose on the Mortgage secured by the Property.  The Bank attached to the Complaint copies of the Note payable to the Bank, the Mortgage in favor of the Bank, and the LMA.  Appellants filed an Answer on August 26, 2011, and requested mediation as well as a stay pending mediation.  The trial court denied Appellants' request for mediation.

{¶4}    The Bank filed a motion for summary judgment on November 3, 2011.  An affidavit executed by Charles DeBono, Jr. accompanied the motion.  In his affidavit, DeBono stated Appellants had executed the Note and the Mortgage, and identified the balance due.  DeBono did not specifically identify copies of the Note and Mortgage

although such was attached to his affidavit.  The Copy of the Note did not bear any indorsements.

{¶5}   The Bank subsequently filed the affidavits of Susana Leal Salgado and Edward H. Cahill.  In her affidavit, Salgado authenticated and attached copies of the Note and LMA.  The copy of the Note included an indorsement which "bleeds through" to the page bearing Appellants' signatures.  With his affidavit, Cahill attached certified copies of the Mortgage and LMA.

{¶6}   Appellant filed a memorandum contra to which the Bank filed a reply.  Via Judgment Entry and Decree in Foreclosure filed June 13, 2012, the trial court granted the Bank's motion for summary judgment and issued a decree in foreclosure.

{¶7}   It is from this judgment entry Appellants appeal, assigning as error:

{¶8}   "I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT APPELLEE WAS NOT REQUIRED TO AMEND THE COMPLAINT TO INCLUDE THE INDORSED PROMISSORY NOTE.

{¶9}   "II. THE TRIAL COURT ERRED IN CONSIDERING THE AFFIDAVIT IN SUPPORT OF APPELLEE'S MOTION FOR SUMMARY JUDGMENT SINCE SAID AFFIDAVIT DID NOT PROPERLY AUTHENTICATE THE NOTE/MORTGAGE."

SUMMARY JUDGMENT STANDARD OF REVIEW

{¶10} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212.* As

such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.

{¶11} Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 364 N.E.2d 267.

{¶12} It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1987), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265. The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293, 662 N.E.2d 264: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be

denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 309 N.E.2d 924.

I, II

**{¶13}** Because Appellants' assignments of error are interrelated, we shall address them together. In their first assignment of error, Appellants challenge the trial court's grant of summary judgment in favor of the Bank upon a finding the Bank was not required to amend its Complaint to include the indorsed promissory note. In their second assignment of error, Appellants take issue with the trial court's consideration of the affidavit in support of the Bank's motion for summary judgment because said affidavit did not properly authenticate the Note and Mortgage.

**{¶14}** Appellants assert the Bank did not follow the proper procedural guidelines set out in Civ. R. 56. Appellants explain the copy of the Note attached to the Complaint as well as the copy of the Note attached to the motion for summary judgment are not indorsed and do not contain any "bleed through", however, the copy of the Note attached to the Affidavit of Authenticity by Susana Leal Salgado is indorsed and contains a "bleed through". According to Appellants, the Bank was required to amend its Complaint to include a copy of an indorsed note. The Bank merely altered the evidence before the court by submitting Salgado's Affidavit of Authenticity. Appellants rely upon Civ.R. 10(D) in support of their position, which states:

"When any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading."

**{¶15}** The Bank attached a copy of the Note to its Complaint. The Bank subsequently submitted a copy of the indorsed Note with the Affidavit of Authenticity filed in support of its motion for summary judgment. Appellants did not come forward with any Civ. R. 56 evidence to create a genuine issue of fact as to whether the original Note was actually indorsed. Because the evidence was ultimately provided to the trial court, we find no prejudicial error in the trial court's consideration of the evidence and reliance on it in granting summary judgment in favor of the Bank.

**{¶16}** We also disagree with Appellants' assertion the Salgado Affidavit did not properly authenticate the Note and Mortgage. The Bank alleged in the Complaint it is entitled to enforce the Note pursuant to R.C. 1303.31. In his Affidavit of Status of Account, DeBono averred the Bank "is the holder of, or is otherwise entitled to enforce, the Note and Mortgage." DeBono Affidavit at para. 7. Additionally, in her Affidavit of Authenticity, Salgado states the Note and LMA which were attached to the affidavit were true and accurate copies of the original note and original loan modification. These documents list the Bank as the lender. Both affidavits are proper Civ. R. 56(C) evidence. Appellants have not presented any evidence the copies of the Note and Mortgage are not authentic. Appellants failed to create a material issue of fact.

**{¶17}** Appellants' first and second assignments of error are overruled.

**{¶18}** The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Edwards, J. concur

s/ William B. Hoffman

HON. WILLIAM B. HOFFMAN

s/ W. Scott Gwin

HON. W. SCOTT GWIN

s/ Julie A. Edwards

HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

WELLS FARGO BANK, NA                    :
                                       :
    Plaintiff-Appellee              :
                                       :
-vs-                                   :            JUDGMENT ENTRY
                                       :
RYAN MCCONNELL, ET AL.                 :
                                       :
    Defendants-Appellants           :            Case No. 12CAE070040


For the reasons stated in our accompanying Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs to Appellant.


s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin
HON. W. SCOTT GWIN


s/ Julie A. Edwards
HON. JULIE A. EDWARDS