[Cite as *U.S. Bank Natl. Assn. v. Minnillo*, 2012-Ohio-5188.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98593**

# U.S. BANK NATIONAL ASSN., ETC.

PLAINTIFF-APPELLEE

vs.

# MICHAEL A. MINNILLO, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-778795

**BEFORE:** Jones, J., Blackmon, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 8, 2012

**ATTORNEY FOR APPELLANTS**

James R. Douglass
James R. Douglass Co., LPA
20521 Chagrin Blvd.
Suite D
Shaker Heights, Ohio 44122


**ATTORNEYS FOR APPELLEES**

Nathaniel R. Sinn
Douglas M. Eppler
Ziegler Metzger LLP
925 Euclid Avenue
Suite 2020
Cleveland, Ohio 44115

LARRY A. JONES, SR., J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Defendants-appellants, Michael and Deborah Minnillo, appeal from the trial court's judgment granting the motion to appoint a receiver made by plaintiff-appellee, U.S. Bank National Association, as Trustee for Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, Series 2007-3 ("U.S. Bank" or "the bank"). We affirm.

{¶3} In March 2012, U.S. Bank initiated this action against the Minnillos to foreclose upon investment property they own on Murray Hill Road in Cleveland. The bank's complaint alleges the following. In March 2007, GreenPoint Mortgage Funding, Inc. made a commercial loan to and for the benefit of Michael Minnillo. The loan was evidenced by a promissory note dated March 28, 2007, issued by Michael Minnillo to GreenPoint. The note was endorsed by GreenPoint to Aurora Bank, FSB, f.k.a. Lehman Brothers Bank, FSB ("Aurora Bank"), and was further endorsed pursuant to a March 28, 2007 allonge made by Aurora Bank to U.S. Bank. Thus, the complaint alleges that U.S. Bank is the owner and holder of the note.

{¶4} The complaint further alleges that Michael Minnillo failed to make the payments on the note, which is a defaulting event under the terms of the mortgage. U.S. Bank, by and through its loan servicer Aurora Bank, accelerated the note and declared the

entire balance of principal, interest, and other charges due and immediately payable.

{¶5} U.S. Bank alleges in its complaint that the note is secured by a mortgage issued by the Minnillos, as mortgagors, in favor of GreenPoint, as mortgagee. The mortgage was filed in the official records of Cuyahoga County on March 30, 2007. The Murray Hill property is the mortgaged property.

{¶6} The complaint alleges that under the terms of the mortgage, the Minnillos assigned to GreenPoint all of their interest in the leases, rents, issues, and profits arising from or relating to the mortgaged property. In April 2007, GreenPoint assigned its rights, title, and interest to the mortgage to Aurora Bank. The assignment was filed on February 24, 2012. In November 2007, Aurora Bank assigned its right, title, and interest in the mortgage to U.S. Bank. The assignment was recorded on February 24, 2012.

{¶7} U.S. Bank states in its complaint that it appointed Aurora Bank as a servicer to the loan and as its attorney-in-fact for the purpose of performing acts and executing documents necessary for, among other things, foreclosing on the mortgage and collecting upon the note.

{¶8} The bank alleges that under the terms of the mortgage it is authorized,

> in event of default and without regard to the adequacy of the security for the Note, without regard to the Minnillos' solvency, and without prior notice to the Minnillos, to have a receiver appointed by the Court, for the purpose of managing and operating the Mortgaged Property and collecting the rents and revenues arising from the use, enjoyment and occupancy of the Mortgaged Property.

Complaint, ¶ 24.

{¶9} Thus, contemporaneously with the filing of its complaint, U.S. Bank also filed a motion to appoint a receiver. In support of its motion, the bank filed the affidavit of Michelle Rish, a special assets officer of Aurora Bank. Rish averred that she had "personal knowledge of the matters contained in [the] Affidavit and * * * of the records pertaining to the documents referred to * * * [and that the records were] maintained in the ordinary course of business." Rish further averred to the facts recited above from the bank's complaint.

{¶10} The Minnillos opposed the bank's motion to appoint a receiver. The Minnillos stated that prior to this action being filed, they "came to have concern that things were just not right with their mortgage." They contended that after being unable to obtain a satisfactory explanation addressing their concerns, they hired a company named TILA Solutions to perform an audit to determine to whom they should be making their mortgage payments. According to the Minnillos, the audit revealed that the "claim of Plaintiff that it is the owner and holder of the subject promissory note is dubious, at best." The Minnillos claimed that, on the bank's part, "no one with personal knowledge came forward with any evidence whatsoever that the trust is the holder of the note and mortgage."

{¶11} The trial court granted the bank's motion to appoint a receiver. The court found that the note had been assigned, as alleged by the bank in its complaint, and that the bank is the owner of the note. The court found that Michael Minnillo has defaulted on the note. The court further found that the note is secured by a mortgage issued by the

Minnillos and that the mortgage encumbers the Murray Hill Road property. The court also found that the mortgage had been assigned as alleged by the bank in its complaint. "In accordance with the terms of the Note and the Mortgage, and pursuant to Ohio Revised Code Section 2735.01," the trial court granted U.S. Bank's motion for a receiver. The Minnillos assign the following errors for our review:

I. The court abused its discretion in appointing a receiver.

II. The court erred when it appointed a receiver upon the motion of plaintiff-appellee that failed to demonstrate it was the holder of th[e] subject mortgage note.

## II. Law and Analysis

{¶12} The appointment of a receiver is an extraordinary remedy. *Malloy v. Malloy Color Lab, Inc.*, 63 Ohio App.3d 434, 437, 579 N.E.2d 248 (10th Dist.1989). Therefore, the party requesting the receivership must show by clear and convincing evidence that the appointment is necessary for the preservation of the complainant's rights. *Id.* Clear and convincing evidence is that "measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. We review a trial court's decision to appoint a receiver for an abuse of discretion. *The Huntington Natl. Bank v. Prospect Park LLC*, 8th Dist. No. 96218, 2011-Ohio-5391, ¶ 9.

{¶13} In their first assignment of error, the Minnillos contend that the trial court

abused its discretion in granting the bank's motion to appoint a receiver because the requirements under R.C. 2735.01 were not met. That section provides in relevant part as follows:

> A receiver may be appointed by * * * the court of common pleas or a judge thereof in his county * * * in causes pending in such court * * * in the following cases:
>
> * * *
>
> (B) In an action by a mortgagee, for the foreclosure of his mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has not been performed, and the property is probably insufficient to discharge the mortgage debt.

{¶14} The Minnillos contend that "[t]here is no evidence in the record that the mortgaged property is in danger of being lost, removed or materially injured, or that the condition of the mortgage has not been performed, and the property is probably insufficient to discharge the mortgage deed." [sic] But the trial court's decision to appoint a receiver was not based solely on R.C. Chapter 2735. Rather, the court granted the bank's motion "[i]n *accordance with the terms of the Note and the Mortgage*, and pursuant to Ohio Revised Code Section 2735.01." (Emphasis added.) The terms of the mortgage referenced by the trial court are as follows:

> [I]f an Event of Default has occurred and is continuing, regardless of the adequacy of Lender's security, without regard to Borrower's solvency and without the necessity of giving prior notice (oral or written) to Borrower, Lender may apply to any court having jurisdiction for the appointment of a receiver for the Mortgaged Property to take any or all actions set forth in the preceding sentence.[1] If Lender elects to seek appointment of a receiver for

---

[1] The preceding sentence provides in part that the Lender may "[e]nter upon and take and maintain full control of the Mortgaged Property in order to perform all acts that Lender in its

the Mortgaged Property at any time after an Event of Default has occurred or is continuing, Borrower, by its execution of this Instrument, expressly consents to the appointment of such receiver, including the appointment of a receiver *ex parte* if permitted by applicable law.

(Emphasis sic.)

{¶15} In a case with a similar provision in a mortgage, this court held that the provision was "evidence that [the defaulting party] had consented to the appointment of a receiver upon the incidence of default [and] [u]nder such circumstances, a trial court does not abuse its discretion in appointing a receiver." *Huntington Bank*, *supra*, at ¶ 13. This court recognized the precedent establishing that provisions in mortgages for the appointment of a receiver without notice waive the requirements set forth in R.C. 2735.01. *Id.* at ¶ 11, citing *Harajli Mtge. & Invest., Inc. v. A&M Invest. Strategies, Inc.*, 167 Ohio App.3d 546, 2006-Ohio-3052, 855 N.E.2d 1262 (6th Dist.).

{¶16} The Minnillos contend that *Huntington Bank* is distinguishable from this case. According to the Minnillos, the dispute in *Huntington Bank* was "over who should be appointed receiver, not the propriety of the appointment of a receiver." (Emphasis sic.) That characterization is not entirely accurate. In *Huntington Bank*, after the plaintiffs, who sought to foreclose on the defendants' property, filed a motion to appoint a receiver, the defendants filed a response, in which they requested that the current property manager be appointed as the receiver. The court granted the plaintiffs' motion for a receiver, but appointed someone other than who the defendants had requested.

---

discretion determines to be necessary or desirable for the operation and maintenance of the Mortgaged Property * * *."

{¶17} On appeal, the defendants raised seven assignments of error, *all* of which related to the propriety of the appointment. *See id.* at ¶ 6. As such, this court addressed the propriety of the appointment. *See id.* at ¶ 7-11. After addressing the propriety of the appointment, this court stated: "We also note that in its response, [the defendants] did not object to the appointment of a receiver, but instead requested that the current property manager be retained as the receiver." *Id.* at ¶ 12. Thus, the Minnillos' contention that *Huntington Bank* is distinguishable from this case, because it concerned who was appointed, but not the propriety of the appointment, is unpersuasive.

{¶18} The Minnillos next claim that *Huntington Bank* is distinguishable from this case because there was a verified complaint there, as opposed to here where there is "only" the affidavit of a "third party totally lacking any personal knowledge." For our purposes, the fact that the allegations in *Huntington Bank* were charged in a verified complaint, and the allegations here were averred to in an affidavit, is a distinction without a difference. By definition, an affidavit is "a statement that the affiant has sworn to be truthful, and made under penalty of perjury." *State v. Calhoun*, 86 Ohio St.3d 279, 284, 1999-Ohio-102, 714 N.E.2d 905.

{¶19} Rish, the affiant in support of the bank's motion for a receiver, averred that she was "a special assets officer of Aurora Bank," and that she had "personal knowledge of the matters contained in [the] Affidavit and * * * of the records pertaining to the documents referred to * * * [and that the records were] maintained in the ordinary course of business." Thus, the quality of the evidence presented in *Huntington Bank* and in this case are not distinguishable.

{¶20} In light of the above, *Huntington Bank* is not materially distinguishable from this case. Rather, it is on point and controlling. Thus, under the authority of *Huntington Bank*, the Minnillos consented to the appointment of a receiver upon default under the note. The trial court did not abuse its discretion by so appointing a receiver. The first assignment of error is therefore overruled.

{¶21} In its second assignment of error, the Minnillos contend that the trial court erred in appointing a receiver because U.S. Bank failed to demonstrate that it is the holder of the mortgage note. According to the Minnillos, the bank "failed to even allege or produce any evidence whatsoever that it is in fact the Trustee for Lehman Brothers Small Balance Commercial Pass-Through Certificates, Series 2007-3." The Minnillos further contend that "there is no document attached to Plaintiff's Complaint that would even tend to indicate U.S. Bank's status as Trustee for what appears to be a securitized trust." We disagree.

{¶22} In its complaint, the bank alleges that it, "as Trustee for Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates Series 2007-3 * * * is the owner and holder of that certain Promissory Note dated March 28, 2007." Complaint, ¶ 2. Attached to its complaint is the "Allonge to Promissory Note dated March 28, 2007 * * * From Aurora Bank FSB, Formerly Known as Lehman Brothers Bank, FSB." The allonge provides: "Pay to the order of U.S. Bank National Association, as trustee for Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, Series 2007-3, without recourse."

{¶23} On this record, the Minnillos' contention is not well taken and their second

assignment of error is therefore overruled.

{¶24} Judgment affirmed.

It is ordered that appellee recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

PATRICIA ANN BLACKMON, A.J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN
JUDGMENT ONLY

SEAN C. GALLAGHER, J., CONCURRING IN JUDGMENT ONLY:

{¶25} I concur in judgment only with the majority decision. I write separately because I believe the best practice would have been for the trial court to hold a hearing on the request to appoint a receiver, particularly where the receiver requested is working hand in hand with the purported creditor and there are viable concerns as to who is the true holder of the note and mortgage.

{¶26} Nevertheless, because a motion to dismiss this action based on standing has not been made, and the terms of this note and mortgage authorize the appointment a

receiver, as discussed by the majority, the trial court's decision is arguably compliant with this court's precedent in *Huntington Bank*, 8th Dist. No. 96218, 2011-Ohio-5391.

{¶27} I have concerns because the appointment of a receiver is an extraordinary remedy. While the majority points out that the terms of the note and mortgage authorized the appointment of a receiver in the event of a default, that provision presumably is enforceable only by the holder of the note and mortgage.

{¶28} The Minnillos offered an audit authored by a company named TILA Solutions that revealed the "claim of the Plaintiff that it is the owner and holder of the subject promissory note is dubious at best." Despite the absence of a motion to dismiss the action on the grounds that U.S. Bank may not be the real party in interest, I still believe there were enough red flags in this transaction such that the better course would have been to hold a hearing.