[Cite as *Am. Ent. Bank v. Garfield Hts. Property, L.L.C.*, 2013-Ohio-2526.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98646

---

## AMERICAN ENTERPRISE BANK

### PLAINTIFF-APPELLEE

vs.

## GARFIELD HTS. PROPERTY, L.L.C., ET AL.

### DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-771454

**BEFORE:** Jones, P.J., Keough, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** June 20, 2013

**ATTORNEYS FOR APPELLANTS**

Michael R. Stavnicky
T. Christopher O'Connell
Matthew E. Parkins
Singerman, Mills, Desberg & Kauntz
3333 Richmond Road
Suite 370
Beachwood, Ohio 44122


**ATTORNEYS FOR APPELLEE**

**For American Enterprise Bank**

Curtis L. Tuggle
James J. Henderson
Thompson Hine L.L.P.
3900 Key Center
Cleveland, Ohio 44114

Lawrence T. Burick
Jonathan S. Hawkins
Thompson Hine L.L.P.
Austin Landing I
10050 Innovation Drive
Suite 400
Dayton, Ohio 45342

**For Champion Personnel System, Inc.**

Christopher M. Ernst
Bricker & Eckler L.L.P.
1001 Lakeside Avenue East
Suite 1350
Cleveland, Ohio 44114

**For Cuyahoga County Treasurer**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Michael A. Kenny, Jr.
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

**For Ohio Dept. of Transportation**

Mike DeWine
Ohio Attorney General

BY: Fedele DeSantis
Assistant Attorney General
State Office Bldg., 12th Floor
615 West Superior Avenue
Cleveland, Ohio 44113

**For University Hospitals Mgt. Services**

Raymond Krncevic
3605 Warrensville Center Road
Cleveland, Ohio 44122

**For Mark S. Abood, Receiver**

Mark S. Abood, Pro se
2787 Francena Court
Brunswick, Ohio 44212

LARRY A. JONES, SR., P.J.:

**{¶1}** Defendant-appellant, Garfield Heights Property, L.L.C. ("GHP"), appeals the trial court's decision to appoint a receiver. Finding no merit to the appeal, we affirm.

### I. Pertinent Facts and Procedural History

**{¶2}** In 2011, plaintiff-appellee, American Enterprise Bank, filed a foreclosure complaint against GHP, alleging that GHP had defaulted on a $2.7 million note.[1] The bank's complaint further alleged the following. In May 2008, GHP executed and delivered to the bank a note in the amount of $2.7 million. Pursuant to the terms of the note, GHP agreed to repay the bank the principal amount plus 6.25% annual interest, unless GHP defaulted, in which case the bank had the right to raise the interest rate to 11.25%. The complaint alleged that GHP breached its obligations under the note by failing to make installment payments on the note. The bank accelerated the note and declared the entire balance of principal, interest, and other charges due and immediately payable.

**{¶3}** The bank alleged in its complaint that the note was secured by an open-end mortgage, granting the bank a mortgage interest in real property located in Garfield Heights. The mortgage was filed in the official records of Cuyahoga County in May 2008.

**{¶4}** The bank further alleged in the complaint that under the terms of the

---

[1] The complaint was also filed against numerous other defendants who were lessees of the property. They are not a party to this appeal.

mortgage, GHP assigned to the bank all of the rents, revenues, issues, profits, proceeds, receipts, income, accounts, and other receivables arising out of or from the mortgaged property.

{¶5} The bank stated in the complaint that some of the tenants of the property had or may claim an interest in the property through lease agreements and that any sale of the property would be subject to the tenants' lease interests.

{¶6} GHP filed an answer and counterclaim. In February 2012, the bank filed a motion seeking the appointment of a receiver. In the motion, the bank alleged that the mortgage included a provision whereby GHP consented to the appointment of a receiver upon the filing of a complaint for foreclosure.

{¶7} GHP opposed the motion, arguing that the bank had failed to demonstrate that the appointment of a receiver was necessary. GHP claimed that there had not been a showing that it had defaulted under the loan agreement and alleged that it was the bank that had actually defaulted. According to GHP, the rents from the property "are the sole form of income for GHP, without the rents, Defendant is out of business." Thus, according to GHP, an order granting a receiver would deny GHP the ability to protect its rights and prosecute its claims "caused by the bank's breach and fraud."

{¶8} The bank filed a reply brief and submitted two sworn affidavits from Charles Kantro, a vice president at the bank.[2] Kantro averred that he had personal knowledge of

---

[2]One of the affidavits had been previously filed in opposition to GHP's motion to dismiss and was refiled with the bank's reply brief.

the facts set forth in the affidavit, had reviewed the loan documents, and the mortgage attached to the bank's foreclosure complaint was a true and accurate copy of the recorded mortgage. He further averred that the following exhibits attached to the reply brief were true and accurate copies: exhibit B.1 showing the amount necessary to pay off the note; exhibit B.2 showing the dates and amounts of payments received; and exhibit B.3 showing the advances the bank had made on the note.

{¶9} In June 2012, the trial court held a hearing on the motion, but neither side presented evidence. After argument by counsel for both sides, the trial court ruled that the bank had made its prima facie case for a receiver and subsequently appointed a receiver. The trial court set the receiver's bond at $1,000.

{¶10} It is from this order that GHP now appeals, raising the following assignments of error for our review:

> I.   The trial court erred when it appointed a receiver without any evidence, let alone clear and convincing evidence, and without conducting an evidentiary hearing.
>
> II.   The trial court erred when it established an inadequate and unreasonably low receiver's bond.

## II. Law and Analysis

{¶11} The appointment of a receiver is an extraordinary remedy. *Malloy v. Malloy Color Lab, Inc.*, 63 Ohio App.3d 434, 437, 579 N.E.2d 248 (10th Dist.1989). Therefore, normally the party requesting the receivership must show by clear and convincing evidence that the appointment is necessary for the preservation of the complainant's rights.

*Id.* Clear and convincing evidence is that "measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. We review a trial court's decision to appoint a receiver for an abuse of discretion. *Huntington Natl. Bank v. Prospect Park LLC*, 8th Dist. No. 96218, 2011-Ohio-5391, ¶ 9.

**{¶12}** R.C. 2735.01 authorizes a court to appoint a receiver:

(B) [i]n an action by a mortgagee, for the foreclosure of his mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has not been performed, and the property is probably insufficient to discharge the mortgage debt.

\* \* \*

(F) In all other cases in which receivers have been

appointed by the usages of equity.

**{¶13}** In its first assignment of error, GHP contends that the trial court abused its discretion in granting the bank's motion to appoint a receiver because there was no evidence to support the appointment.

**{¶14}** The trial court found that the mortgage, together with the provisions of R.C. Chapter 2735 and other applicable Ohio law, authorized the appointment of a receiver; that "the appointment of a receiver is necessary to preserve and protect the Property and

Bank's rights in connection therewith"; and "[a]dequate and sufficient grounds exist for the appointment of a receiver."

{¶15} GHP argues that there was no properly authenticated mortgage before the court, no affidavit supporting such an appointment, and no evidence showing that the appointment was necessary to preserve and protect the subject property.

{¶16} The mortgage in this case included the following provision:

> 19. <u>Appointment of Receiver</u>. Upon or at any time after the filing of a complaint to foreclose this Mortgage, the court in which such complaint is filed shall, upon petition by the Lender, appoint a receiver for the Premises in accordance with the Act. Such appointment may be made either before or after sale, without notice, without regard to the solvency or insolvency of the Mortgagor at the time of application for such receiver and without regard to the value of the Premises.

{¶17} In essence, GHP is arguing that the requirements of R.C. 2735.01(B) have not been met. But provisions in mortgages for the appointment of a receiver without notice waive the requirements set forth in R.C. 2735.01. *United States Bank Natl. Assn. v. Minnillo*, 8th Dist. No. 98593, 2012-Ohio-5188, ¶ 15, citing *Huntington Natl. Bank v. Prospect Park LLC*, 8th Dist. No. 96218, 2011-Ohio-5391, ¶ 11. Moreover, where an instrument, such as a mortgage, provides for the appointment of a receiver and conveys the rents and profits, a court has the authority to appoint a receiver under R.C. 2735.01(F). *Huntington* at ¶ 10. In *Huntington*, and more recently in *Minnillo,* this court held that receivership provisions in mortgages similar to the one in this case meant that the mortgagees consented to the appointment of a receiver under the note. *Huntington* at ¶

14, *Minnillo* at ¶ 18.[3]

{¶18} In this case, it was not necessary for the court to make its additional findings that a receiver was necessary to preserve and protect the property and the bank's rights. In accordance with section 19 of the mortgage, the event that triggered the court's duty to appoint a receiver were the filings of a foreclosure complaint and the bank's motion. Thus, the court was within its authority to appoint a receiver pursuant to R.C. 2735.01(F).

{¶19} GHP argues that there was no evidence before the court allowing it to appoint a receiver because the mortgage attached to the complaint was unauthenticated. We disagree.

{¶20} Documents must be authenticated or identified prior to their admission into evidence. Evid.R. 901. This requirement is satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent claims." *Id.*

{¶21} A copy of the mortgage in this case was attached as an exhibit to the complaint and contained a page with an acknowledgment by a notary. Evid.R. 902(8) states that

> [e]xtrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:  * * * Acknowledged documents[:] Documents accompanied by a certificate of acknowledgment executed in the manner provided by law by a notary public or other officer authorized by law * * * .

{¶22} Kantro averred that the note, mortgage, and assignment of rents attached to

---

[3] *Huntington Bank* and *Minnillo* can be distinguished from the case at bar in that the mortgage in those cases required a showing that the mortgagee defaulted under the loan. Here, the bank merely had to file a foreclosure complaint and request a receiver.

the complaint were true and accurate copies of documents executed by GHP. This is sufficient to authenticate the mortgage. *See Wells Fargo Bank v. McConnell*, 5th Dist. No. 12CAE070040, 2012-Ohio-5159, ¶ 16 (holding that the bank's affidavits authenticated the note and mortgage by stating that they were true and accurate copies of the original note and original loan modification).

{¶23} We further note that GHP presented no evidence that the mortgage attached to the complaint was not authentic.

{¶24} GHP also claims that the bank's reply brief was not accepted by the court until after the receiver had been appointed; therefore, the trial court made its ruling on the motion without having any evidence before it. We disagree; it is clear from the transcript of the hearing that the trial court considered the bank's reply brief and Kantro's affidavits.

{¶25} Finally, GHP claims the trial court erred in granting the motion without any evidentiary hearing, but this court has previously recognized that a trial court is not statutorily obligated to conduct an evidentiary hearing. *Prospect Park* at ¶ 13, citing *Poindexter v. Grantham*, 8th Dist. No. 95413, 2011-Ohio-2915, ¶ 14.

{¶26} Based on the above facts, the trial court did not abuse its discretion in appointing a receiver.

{¶27} The first assignment of error is overruled.

{¶28} In the second assignment of error, GHP claims that the bond set for the

receiver in the amount of $1,000 was inadequate.

{¶29} R.C. 2735.03 allows the court to direct the amount of a receiver's bond; thus the amount of the bond is within the discretion of the trial court and will not be reversed absent an abuse of discretion. *Metro. Sav. Bank v. Papadelis*, 9th Dist. No. 2380-M, 1995 Ohio App. LEXIS 4038, *12 (Sept. 13, 1995).

{¶30} GHP argues that the amount of the bond is grossly inadequate because the principal balance of the loan is in excess of $2.7 million and the property has a market value greater than $1.1 million. To support its position GHP cites *Hummer v. Hummer*, 8th Dist. No. 96132, 2011-Ohio-3767, a case that this court dismissed for lack of a final, appealable order. In *Hummer*, this court stated, in dicta, that "[a]lthough the court has broad discretion in determining the amount of the bond, an adequate bond should be consistent with the value of the properties and assets that the receiver may possess during the expected period of the receivership." *Id.* at ¶ 21.

{¶31} But in *Fifth Third Bank v. Q.W.V. Properties, LLC*, 12th Dist. No. CA2010-09-245, 2011-Ohio-4341, the court determined that it was within the trial court's discretion to set the receiver's bond at $0 on property worth over a million dollars. In *Rentz v. Bannister*, 2d Dist. No. 15019, 1995 Ohio App. LEXIS 2267 (May 31, 1995), the appellate court decided that a $100 bond for a receiver in charge of $35,000 worth of assets was not an abuse of discretion because the amount is to be directed by the court and there was no evidence in the record to indicate that the amount was inadequate or otherwise improper. *Id.* at *10.

**{¶32}** Here, the trial court determined that a $1,000 bond was sufficient based on the reputation of the receiver and its opinion that the receiver "would be looking out for all of the interests of all parties." GHP has provided no evidence to indicate the bond the trial court set was inadequate. Based on these facts, we decline to find an abuse of discretion.

**{¶33}** The second assignment of error is overruled.

**{¶34}** Accordingly, judgment is affirmed.

It is ordered that appellee recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

LARRY A. JONES, SR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MARY EILEEN KILBANE, J., CONCUR