*396
 
 Jones, J.
 

 In the original action the creditor sued the Conservative Mortgage Company, and recovered judgment for the amount asked. Execution was issued and levied upon the personal property of the debtor, but was later released because of the sub-, sequent appointment of a receiver by the municipal court under the order quoted above. So far as the record discloses, there was no attempt in the original proceeding to show that the corporation was insolvent, or that a dissolution of the corporation and a sale of its assets were necessary to preserve the rights of general creditors. The original action was brought solely on behalf of a single creditor, who, neither in-his petition or any other pleading, nor at any stage of the proceeding, revealed a case for any general equitable relief requiring the judicial sequestration of corporate assets for the benefit of corporate creditors.
 

 There are two legal questions presented to this court: (1) Has the municipal court of Cleveland jurisdiction or authority to appoint a general receiver? and (2) Was the receiver appointed under the order of the municipal court such receiver, or was he a special receiver, appointed under Section 1579-11, General Code, for the purpose of enforcing the collection of its own judgment? If jurisdiction was lacking, the appointment is subject to collateral attack.
 

 I. It must be conceded thát the municipal court of Cleveland has" only such jurisdiction as may have been conferred upon it by statute. Whatever may be said of other sections relating to the Cleveland municipal court, its original civil jurisdiction is conferred by Section 1579-6, General Code. In addi
 
 *397
 
 tion to the jurisdiction given to justices of the peace, that section confers original jurisdiction upon the municipal court in actions and proceedings at law or on contracts for the recovery of money or personal property not exceeding in amount the sum of $2,500, including a limited equitable jurisdiction by way of accounting, reformation, and cancellation in causes arising out of contract. Subdivisions 4 and 7 of that section give the court jurisdiction, both legal and equitable, to enforce its own judgment», and it may do so by means of creditors’ bills or by proceedings in aid of execution. But Section 1579-6, General Code, confines the court’s jurisdiction to the city of Cleveland, except as extended by the subdivisions following; confines it to amounts of money or personal property to be recovered; and limits its original civil jurisdiction to the specific causes enumerated in that section. This is not so with the courts of common pleas, upon which a more extensive general jurisdiction, both in law and equity, has been conferred.
 

 In these cases, had the debtor been the sole defendant and a nonresident of the city, and had not been served with the summons in the city, or had the creditor’s claim exceeded-the sum of $2,500, the municipal court would not have had jurisdiction, and obviously no receiver could have been appointed by the municipal court, even if the creditor’s complaint stated that the corporation was insolvent.
 

 Section 1579-6, General Code, is the vital section conferring original civil jurisdiction upon the municipal court, while the subsequent sections are chiefly confined to its supplemental and ancillary jurisdiction, having for their object the safeguarding and
 
 *398
 
 enforcement of its original jurisdiction conferred by Section 1579-6. Of these ancillary sections counsel for the receiver rely upon the following as conferring upon the city court power to appoint a general receiver:
 

 Section 1579-11: “In all causes the municipal court shall have jurisdiction in every ancillary and supplemental proceeding, before and after judgment, including attachment of person or property, arrest before judgment, interpleader, aid of execution, trial of the right of property, reviver [revivor] of judgment and the appointment of a receiver, for which authority is now, or may hereafter be, conferred upon the court of common pleas, or a judge thereof, or upon justices of the peace. In addition the' plaintiff shall have an order of attachment against the property of the defendant in any civil action of which tire municipal court has jurisdiction for the grounds enumerated in Section 10253 and in the manner provided by Section 10263 of the General Code of Ohio.”
 

 Section 1579-11, General Code, confers upon the municipal court merely ancillary jurisdiction. Ancillary to what? Obviously ancillary to its original civil jurisdiction (Section 1579-6) for the purpose of carrying its judgments into effect. The jurisdiction of the common pleas court, in respect to the appointment of receivers, is not limited to special receiverships,'but is all-comprehensive. Section 11894, subd.-6, General Code, authorizes that court to appoint receivers “in all other cases in which receivers heretofore have been appointed by the usages of equity.” No such clear and express language is employed in the municipal act. We are asked to
 
 *399
 
 extend its scope by inference, so as to give tbe municipal court tbe broad powers of appointing general receivers expressly conferred upon tbe common pleas court by said subdivision six. The fact that Section 1579-11, General Code, provides only for ancillary jurisdiction, and the further fact that said section includes attachments, arrests, interpleader, aid of execution and receiverships in the category, display a legislative intent that all these were to be utilized before and after judgment in special cases,' similar to the powers conferred upon the common pleas court in subdivisions 3 and 4 of Section 11894, General Code. Section 1579-11, General Code, authorizes appointments in cases where authority was conferred upon the common pleas court and justices of the peace. Justices of the peace have no authority to appoint general receivers under the usages of equity. In yoking together the common pleas courts and justices of the peace, a strong implication arises that it was the manifest purpose of the municipal court section to limit the functions of appointment of special receivers, where they were necessary to enforce their judgments and carry them into effect.
 

 We are therefore of the opinion that the municipal court of Cleveland, in the appointment of receivers, is confined to the appointment of special receiverships, where they may be necessary to conserve its original jurisdiction and to enforce its judgments, and that such receiver has no power to sue for stock subscriptions.
 

 II. Was the municipal court authorized, and did it in fact appoint a general receiver in the cause before it, with authority to bring suit upon corporate
 
 *400
 
 subscriptions? It is to be noted that the only relief sought in the original action was a judgment against the corporation. It does not appear from the record before us that any pleading was filed, or cause made, showing the insolvency of the corporation, or invoking the equity jurisdiction of the court, necessitating the appointment of a general receiver, for the benefit of creditors generally; the case was one where a single creditor sought a judgment. ■ The order of the municipal court, as we construe it, appointed a receiver for the sole purpose of taking charge of the corporate assets and applying the proceeds “toward the satisfaction of the aforesaid judgment and costs and to hold the remainder, if any, subject to the further order of the court.” It is evident that this order did not appoint a receiver with general powers, but one restricted to the collection of sufficient assets for the satisfaction of a. single creditor’s judgment. It would seem that even that order was not necessary, since execution had been levied, and presumably upon sufficient assets of the corporation to satisfy the judgment, and that judgment could'have been enforced by execution as well as by the appointment of a special receiver. But, however that may be, no court, either common pleas or municipal, under the pleadings and facts disclosed by this record, was authorized to appoint a general receiver to take over all of the assets of the corporation, since it nowhere appears, except afterwards, and then by implication, that the corporation is in fact insolvent or in imminent danger of insolvency; nor does'it appear that creditors were pressing claims for payment; nor that in the interest of stockholders and creditors its assets should be
 
 *401
 
 sequestered or its business continued by the court; nor does it appear from the record that’any case was made necessitating the dissolution of the corporation. One of the briefs filed asserts that the receiver had collected “more than enough to pay the judgment and costs of the action.”
 

 Upon this phase, and considering this particular order appointing Soul as receiver, the federal Circuit. Court of Appeals of this district concurred in the view we have here expressed.
 
 In re Conservative Mortgage & Guaranty Co.,
 
 24 F. (2d), 38, Knapp en, J., delivering the opinion, said: “We therefore think the municipal court without jurisdiction to do more than aid in enforcing the execution of the judgment plaintiffs thereunder. Of course, had the municipal court, by the pleadings therein, etc., acquired actual jurisdiction over the general administration of the debtor’s estate, and the distribution of its assets for the benefit of creditors generally, mere errors in proceedings within such jurisdiction would not subject the judgment to collateral attack. Both the referee and the District Judge regarded the extension of receivership beyond the enforcement of the judgment plaintiffs’ execution as not only erroneous, but beyond the court’s jurisdiction. We agree with this view.”
 

 It has been held by this court that the appointment of a receiver by the general usages of equity is ancillary to the main cause of.action, is provisional to the final ultimate relief sought therein, and that such appointment should not be made “if the plaintiff has a full and adequate remedy at law in respect to his alleged rights, or where the court can find another and less stringent means for pro
 
 *402
 
 tecting the rights of the parties.”
 
 Hoiles
 
 v.
 
 Watkins,
 
 117 Ohio St., 165, 157 N. E., 557.
 

 As has been' stated, the plaintiff had á full and adequate remedy in this case for the protection of his judgment, as an execution had been issued and levied upon corporate property and the levy released solely because of the appointment of what is now claimed to be a general receiver. If every creditor after securing judgment could procure a general receiver with all the powers incidental to such appointment, it might prove disastrous to a corporation shown to be a solvent and going concern. The corporate debtor might choose to litigate the validity of a claim without subjecting itself to the penalty of forfeiting control of its property and business. As stated by the juclge delivering the opinion in the
 
 Hoiles case, supra
 
 (page 176 of 117 Ohio State [157 N. E., 560]): “It is not unusual for a company of the size of the defendant corporation, having a large number of outstanding claims against it, to have some of its creditors pressing for payment ; but its condition does not appear to have been such that it was in fact insolvent. ’ ’
 

 We are of the opinion that the municipal court of Cleveland does not have power coextensive with the court of common .pleas in appointing general receiverships by the usage of equity (Section 11894 (6), General Code), and we are further of the opinion that in fact the order of the municipal court, in the instant case, was simply an order for the appointment of a special receiver to carry its judgment into effect.
 

 In the Lockhart case, Ho. 20992, the judgment of the court of appeals will be affirmed, and in the Bel
 
 *403
 
 lar ease, No. 21046, the judgment of the court of appeals will be reversed.
 

 Judgment affirmed in ca/use No 20992.
 

 Judgment reversed in cause No. 21046.
 

 Day, Allen, Kinkade and Matthias, JJ.,‘ concur.