MALLOY, Appellee, et al.,

v.

MALLOY COLOR LAB, INC., Appellant, et al.

[Cite as *Malloy v. Malloy Color Lab, Inc.* (1989), 63 Ohio App.3d 434.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–88.

Decided June 29, 1989.

*William J. Clark & Associates* and *William J. Clark*, for appellee.

*Perry R. Silverman Co., L.P.A.*, and *Perry R. Silverman*, for appellant.

JOYCE J. GEORGE, Judge.

This matter is before this court upon the appeal of Malloy Color Lab, Inc., appellant, from an order of the Franklin County Court of Common Pleas granting appellee's "Motion for Appointment of Interim Receiver" in the matter herein. Appellee, Michael Malloy, jointly owns Malloy Color Lab, Inc., with his sister, Valerie Malloy, and his step-sister, Terrie Lyons. Appellee filed this instant action against appellant to recover unpaid wages and past-due loans. Appellee also filed a "Motion for Appointment of Interim Receiver" in order to preserve the remaining assets of Malloy Color Lab, Inc. The trial court granted appellee's motion, and this appeal ensued. Appellant asserts the following sole assignment of error:

"The trial court erred to the prejudice of the appellants, and abused its discretion, in that it ordered the appointment of a receiver contrary to law."

The statute governing the appointment of a receiver, R.C. 2735.01, provides, in pertinent part:

"A receiver may be appointed by the supreme court or a judge thereof, the court of appeals or a judge thereof in his district, the court of common pleas or a judge thereof in his county, or the probate court, in causes pending in such courts respectively, in the following cases:

"(A) In an action * * * between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff, or of a party whose right to or interest in the property or fund, or the proceeds thereof, is probable, and when it is shown that the property or fund is in danger of being lost, removed, or materially injured;

"* * *

"(E) When a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights;

"(F) In all other cases in which receivers have been appointed by the usages of equity."

▉ Appellant argues that the trial court abused its discretion in appointing an interim receiver since appellee had an adequate remedy at law and cites *Soul v. Lockhart* (1928), 119 Ohio St. 393, 164 N.E. 419, which refers to *Hoiles v. Watkins* (1927), 117 Ohio St. 165, 157 N.E. 557, to support that position. However, the appellant misapplies the holding in *Soul* when considering the facts at bar. Municipal courts are not listed in R.C. 2735.01 as being vested with the power to appoint a general receiver. They do have original civil jurisdiction to appoint a special receiver to enforce and execute upon their own judgments, which is the holding in *Soul*. However, the facts at bar are distinguished from the holding in *Soul* since R.C. 2735.01 confers general jurisdiction upon a common pleas court to appoint a receiver both in law and equity. Likewise, the holding in *Hoiles* is not applicable to the facts at bar since *Hoiles* involved a business that was engaged in the full exercise of its corporate powers. In the facts before this court, the Malloy Color Lab, Inc. business is no longer in operation. The record gives every indication that the Malloy Color Lab, Inc. is, for all intent and purposes, no longer doing business with the public. Thus, what remains is the task of accounting for the corporate assets, satisfying the business' creditors, and dividing the remaining assets, if any, among the shareholders.

▉ The order for an interim receiver may be reviewed only for the purposes of determining whether there is evidence tending to prove the facts essential to sustain the order, and a reviewing court may not consider the weight of the evidence. Such order may be reversed only when there is failure of proof which would be essential to support the order, and the order may not, in any event, be reversed upon the weight of the evidence. *Wilgus v. Arthur* (1943), 72 Ohio App. 511, 27 O.O. 450, 53 N.E.2d 197.

▉ The record indicates that a default judgment has been taken against Malloy Color Lab, Inc.; that equipment vital to the operation of the business has been removed from the premises; that the business is no longer in operation; that creditors have not been paid; that the corporation's debts exceed its assets and, thus, it is insolvent; and that there have been counter accusations between appellant and appellee regarding the misuse of corporate funds. Therefore, under these particular circumstances, the trial court determined it to be advisable to appoint an interim receiver in the midst of allegations between the parties of misconduct, waste, breach of duty, and conversion of property. The facts tend to show that a particular owner or third person is apt to be injuriously affected if an interim receiver is not appointed.

■ The appointment of a receiver is an extraordinary remedy. The person requesting the receivership must show by clear and convincing evidence that the appointment of a receiver is necessary for the preservation of the complainant's rights. In light of the disagreements and dissension between the owners of Malloy Color Lab, Inc., the facts support the trial court's order appointing an interim receiver pursuant to R.C. 2735.01. Thus, based on the facts, the trial court's order to appoint an interim receiver to conduct the business of Malloy Color Lab, Inc. was not an abuse of discretion and appellant's sole assignment of error is not well-taken and is overruled.

Accordingly, the order of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

REILLY and BRYANT, JJ., concur.

JOYCE J. GEORGE, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of section 6(C), Article IV, Ohio Constitution.