OPINION AND JOURNAL ENTRY
{¶ 1} Defendant-appellant N.P. Motels Systems, Inc., et al. has filed a timely motion to reconsider our March 24, 2005 decision affirming the appointment of an interim receiver inVictory White Metal Co. v. N.P. Motel Syst., Inc., 7th Dist. No. 04MA245, 2005-Ohio-2706. Appellant has also filed a timely motion to certify a conflict.
 {¶ 2} Pursuant to App.R. 26(A), a party may file an application for reconsideration within ten days of an appellate court's decision. The standard for reviewing such an application is whether the application calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been. Juhasz v.Costanzo (Feb. 7, 2002), 7th Dist. No. 99CA294. A motion for reconsideration is a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. Scott v. Falcon Transport Co., 7th Dist. No. 02CA145, 2004-Ohio-389. Reconsideration motions are rarely considered when the movant simply disagrees with the conclusions reached and the logic used by an appellate court.
 {¶ 3} Under App.R. 25(A), a party can file a motion to certify a conflict within ten days of the appellate court's decision. As per Section 3(B)(4), Article IV of the Ohio Constitution, a court of appeals shall certify the case to the Supreme Court if it finds its judgment in conflict with a judgment of another court of appeals on the same question. Thus, the conflict must be on the same question; the conflict must be on a rule of law, not facts; and, the journal entry or opinion of the certifying court must clearly set forth the rule of law which the certifying court contends is in conflict with another court's decision. Whitelock v. Gilbane Bldg. Co. (1993),66 Ohio St.3d 594, 596.
 {¶ 4} Appellant sets forth two reconsideration arguments and two corresponding arguments regarding certification. First, appellant reiterates that an evidentiary hearing is required before appointing an interim receiver under R.C. 2735.01. We held as follows:
 {¶ 5} "By the character of the statute, an evidentiary hearing is not required in order to appoint a receiver where the court is sufficiently convinced that the property is in danger from review of the affidavits, attachments to those affidavits, admissions, and the inferences that can rationally be drawn from these materials and from any arguments presented. This is especially true if no party requests such a hearing. The parties were permitted to file multiple briefs and responses on the issue. The court sua sponte scheduled oral arguments on the matter. Appellants did not ask for a more extensive hearing. Rather, they gave the court the impression they were resting on the allegations in their numerous memoranda with attachments filed on the topic of a receiver." Victory White at ¶ 53.
 {¶ 6} Appellant claims that our decision regarding an evidentiary hearing conflicts with Real Estate Capital Corp. v.Thunder Corp. (1972), 31 Ohio Misc. 169, as adopted by the Eleventh District in Columbia Savings v. Mentor Inn Prop. Co.Ltd. (Sept. 30, 1993), 11th Dist. No. 03-L-07. Firstly, we do not certify conflicts with trial court decisions such as that inThunder Corp. Secondly, the Eleventh District did not adopt the holdings in the Thunder Corp. case. Thirdly, the Eleventh District's holding is distinguishable.
 {¶ 7} In Columbia Savings, appointment of a receiver was requested under the portion of the statute that allowed appointment if a condition of the mortgage was not performed and the property is probably insufficient to discharge the mortgage debt. The party defending the motion submitted an appraisal showing that the property was worth much more than the debt. Thus, the court denied appointment of a receiver; however, the court voiced a willingness to reconsider upon submission of conflicting appraisals. The movant then sought reconsideration and attached an appraisal showing the property was worth less than the debt. The non-movant responded with a third appraisal and requested an evidentiary hearing. The court denied the request for an evidentiary hearing and appointed a receiver.
 {¶ 8} The Eleventh District reversed and remanded for an evidentiary hearing. They limited their holding by stating:
 {¶ 9} "Although appellee is correct that the statute does not specifically or expressly require that a hearing be held, under the facts of this particular case, where the trial court expressly invited the submission of an appraisal upon reconsideration, this court concludes that the trial court should have held an oral evidentiary hearing to determine which appraisal was most credible."
 {¶ 10} The Eleventh District thus acknowledged that a hearing is not required in all cases. They relied on the fact that the trial court asked for conflicting documents and then made credibility determinations about the different appraisers' opinions without the requested evidentiary hearing. Accordingly,Columbia Savings is not a holding in conflict with ours and has wholly different facts supporting the need for a hearing in that case.
 {¶ 11} Here, appellant did not request an evidentiary hearing. Rather, they attended the oral arguments and rested. Also, contrary to appellant's contention, the most important documents in this case were not conflicting. Although there may be credibility issues concerning existence of a fraudulent conveyance, it was undisputed and appellant generated evidence otherwise establishing that the property was in danger of being lost, removed, or materially injured. As emphasized on in our opinion:
 {¶ 12} "The court was presented with admissions in the content of appellants' responses and other filings and in the form of a consent motion to foreclose on its own property. Such docketed and filed consent is strong evidence that the property is in danger of being lost, removed, or materially injured. Furthermore, the court had before it appellant's affidavit submitted in a filing where they admit that they have no intention of paying the lien holders. The nonmovants' own filings could be considered as evidence against their position responding to the receiver motion * * *." Victory White at ¶ 54.
 {¶ 13} Under the circumstances of this case, including appellant's motion/consent to foreclosure, an evidentiary hearing was not required to appoint an interim receiver. Reconsideration is denied and a conflict shall not be certified on this issue.
 {¶ 14} Next, appellant urges there had to be clear and convincing evidence showing that appointment of a receiver is necessary to preserve the movant's rights. In discussing the evidentiary hearing issue, we noted that evidentiary material attached to summary judgment motions can be used. Id. at ¶ 52. We observed that the test is less stringent than that required for summary judgment because the party seeking an interim receiver need not establish that there is no genuine issue of material fact or that all reasonable persons would agree that the property or fund is in danger. Id. We pointed out that the statute merely provides that the movant must show that there is a danger the property or fund is going to be lost, removed, or materially injured. Id. We then noted that the test is almost the opposite of the summary judgment test, stating that the movant must establish that there is a genuine issue of material fact that the property or fund is in danger or that some reasonable person could find such danger. Id.
 {¶ 15} Later, when reviewing the propriety of the trial court's decision on appointment, we announced that the decision to appoint a receiver under R.C. 2735.01 is subject to the trial court's sound discretion and will not be reversed absent a clear abuse of discretion. Id. at ¶ 55, citing State ex rel.Celebrezze v. Gibbs (1991), 60 Ohio St.3d 69, 73. We quoted the Supreme Court as stating:
 {¶ 16} "A court in exercising its discretion to appoint or refuse to appoint a receiver must take into account all the circumstances and facts of the case, the presence of conditions and grounds justifying the relief, the ends of justice, the rights of all the parties interested in the controversy and subject matter, and the adequacy and effectiveness of other remedies." Id. at 75, fn3, quoting 65 American Jurisprudence 2d (1972) 873, 874, Receivers, Sections 19, 20.
 {¶ 17} The Supreme Court never mentioned a clear and convincing evidence standard. Thus, we did not focus on that standard. We did note that a 1927 Supreme Court decision spoke about how appointment of a receiver is a drastic and extraordinary remedy. Hoiles v. Watkins (1927),117 Ohio St. 165, 174. However, we also found that the main holding in theHoiles case was one not at issue here and that Hoiles dealt with the catch-all receiver provision in R.C. 2735.01(F) and not the specific provision allowing appointment of a receiver under R.C. 2735.01(A).
 {¶ 18} Appellant now cites a case which held that sinceHoiles found that appointment of a receiver is a drastic and extraordinary remedy, the trial court can only appoint a receiver if there is clear and convincing evidence to find that appointment is necessary to preserve the movant's rights. ATACCorp. v. Shetty (Feb. 13, 1997), 8th Dist. Nos. 70865, 70904, citing Malloy v. Malloy Color Lab Inc. (1989),63 Ohio App.3d 434, 437.
 {¶ 19} First, there are various Supreme Court cases reviewing the appointment of a receiver, and none of them require clear and convincing evidence. Rather, they just state that they review for an abuse of discretion. If clear and convincing evidence of the need to appoint a receiver was necessary, then it seems the Supreme Court would have mentioned this in Celebrezze for instance. Even Hoiles did not specify a need for clear and convincing evidence.
 {¶ 20} Second, the courts that rely on the statements inHoiles (that a receiver is an extraordinary remedy that should not be used if the movant has an adequate remedy at law or if the movant will not suffer irreparable loss) fail to realize thatHoiles dealt with section (F), which covers the historical usages of receivers. On the contrary, section (A) provides a specific scenario where appointment is proper; that is, danger the property or fund will be lost, removed, or materially injured. Thus, using Hoiles to jump to a conclusion that clear and convincing evidence is required is not compelling.
 {¶ 21} However, even if the standard were clear and convincing, we are still only reviewing for an abuse of discretion, and this court found that motion/consent to foreclose on appellant's own property to be telling of the danger to the property. In fact, we concluded that "there was convincingevidence upon which the trial court could determine that an interim receiver should be appointed to avoid the danger of loss, removal, or material injury to that property and in turn to protect the claims of the creditors seeking the appointment."Victory White at ¶ 66 (emphasis added). Since we did not say "clear and convincing," we shall grant reconsideration only in order to find in the alternative that the trial court could reasonably find clear and convincing evidence to support its discretionary decision to appoint a receiver. Due to this alternative finding that clear and convincing evidence was established, we need not certify a conflict.
 {¶ 22} In conclusion, reconsideration and certification of a conflict on the first ground are denied. Reconsideration is granted in part to clarify our decision on the second ground merely to add that even if clear and convincing evidence was required, the trial court could reasonably find that standard satisfied under the circumstances of this case. Certification is thus denied on the second ground as well.
Vukovich, J., concurs. Donofrio, P.J., concurs. Waite, J., concurs.