DECISION AND JUDGMENT
{¶ 1} Appellants appeal the order of the Fulton County Court of Common Pleas, appointing a receiver for disputed farming operations. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} Gahlon W. Kunkle is the father of appellants, Dewey and Alan Kunkle, and appellee Roy Kunkle.[1] Collectively, the Kunkles farm nearly 3,000 acres on 33 parcels in northwest Ohio and southeast Michigan.
 {¶ 3} According to Roy Kunkle, for a period of approximately ten years prior to December 31, 2006, he managed the combined farming enterprise known as Kunkle Farms. Even though the parcels of land under tillage were held in the name or names of various members or combination of members of the family, the net income of this farming operation was essentially divided equally between Gahlon, Dewey, Allen and Roy. At some point, Roy testified, Dewey was excluded from participation when he ran afoul of the Internal Revenue Service.
 {¶ 4} During the hearing on Roy's motion for a receiver, Roy told the court that he believed that his falling out with the rest of the family began when he approached his father, seeking to partition the operation so that he could operate independently. Gahlon Kunkle's response to this, Roy testified, was to clear out the safe, change the locks and bar Roy from further participation in Kunkle Farms.
 {¶ 5} On May 3, 2007, Gahlon Kunkle sued Roy Kunkle, alleging that Roy, whom he characterized as his "estranged son," wrongfully recorded deeds as "Roy Kunkle, trustee" and improperly controlled the farm's assets and profits without an accounting. Gahlon Kunkle sought quiet title and an accounting. *Page 3 
 {¶ 6} Roy Kunkle responded, denying any wrongdoing and interposing counterclaims in which he asserted that the four Kunkles had entered into a farming partnership of which he was a one-third partner. Roy alleged, inter alia, that his father and two brothers breached a fiduciary duty to him with self-dealing to their personal benefit. Roy Kunkle demanded an accounting, the appointment of a receiver to conduct the affairs of the partnership until an accounting is completed, a determination of the interests of the partnership and dissolution and distribution of the partnership assets.
 {¶ 7} Roy Kunkle subsequently filed a motion for the appointment of a receiver, accompanied by a memorandum in support. The trial court set the motion for hearing, following which it found the motion well-taken and appointed a receiver for the disputed farming operation. From this judgment, appellants now bring this appeal, setting forth the following single assignment of error:
 {¶ 8} "The trial court abused its discretion in granting appellees' motion for appointment of a receiver because the trial court did not have before it clear and convincing evidence establishing the facts necessary to sustain appellees' motion."
 {¶ 9} In material part, R.C. 2733.01 provides:
 {¶ 10} "A receiver may be appointed by * * * the court of common pleas or a judge thereof in his county, * * * in causes pending in such court, in the following cases:
 {¶ 11} "(A) In an action * * * between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff, or of a party whose *Page 4 
right to or interest in the property or fund, or the proceeds thereof, is probable, and when it is shown that the property or fund is in danger of being lost, removed, or materially injured * * *."
 {¶ 12} The question of whether or not to appoint a receiver is within the sound discretion of the court and will not be reversed absent an abuse of that discretion. State ex rel. Celebrezze v. Gibbs (1991), 60 Ohio St.3d 69, 73. An abuse of discretion is more than a mistake of law or a lapse of judgment, the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable. Berk v. Matthews (1990), 53 Ohio St.3d 161, 168-169.
 {¶ 13} Appellants maintain that, because the appointment of a receiver is an extraordinary remedy in equity, the proponent of the receivership must show by clear and convincing evidence that the appointment is necessary for the preservation of his or her rights. Equity Centers Dev.v. South Coast Centers (1992), 83 Ohio App.3d 643, 649, citingHoiles v. Watkins (1927), 117 Ohio St. 165, 174, and Malloy v. MalloyColor Lab, Inc. (1989), 63 Ohio App.3d 434, 437. Appellants insist that appellees failed to put forth such a quantum of evidence at the hearing on appellees' motion.
 {¶ 14} Appellees respond, citing Collins v. Collins, 8th Dist. No. 87986, 2007-Ohio-283, for the proposition that an order appointing a receiver may not be reversed upon the weight of the evidence. Id. at ¶ 9. Indeed, appellees point out, in Collins sufficient grounds for the appointment were found on mutual allegations of misconduct without an evidentiary hearing. Id. at ¶ 10. *Page 5 
 {¶ 15} We need not reconcile these apparently competing standards. By any measure, appellees presented sufficient evidence during the hearing on the motion to justify the appointment of the receiver. Appellees presented testimony from the accountant for Kunkle Farms through whom they introduced federal tax filings of a nature by which the court could conclude that it was probable that Kunkle Farms was a partnership. Moreover, Roy Kunkle's testimony as to unpaid loans by the other brothers and an unusual level of spending subsequent to Roy's departure is essentially unrefuted. Appellants also during the hearing raised an allegation that Roy Kunkle had improperly disposed of Kunkle Farms property for his own benefit. These competing allegations certainly present clear and convincing evidence that Kunkle Farms property or funds were in danger of being lost, removed, or materially injured. Given this situation, we cannot find that the trial court's decision to appoint a receiver for these operations was arbitrary, unreasonable or unconscionable. Accordingly, appellants' sole assignment of error is found not well-taken.
 {¶ 16} On consideration whereof, the judgment of the Fulton County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
 JUDGMENT AFFIRMED. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., CONCUR.
[1] Dewey Kunkle's wife, Ivy, is also an appellant. Roy Kunkle's wife, Barbara, is an appellee. *Page 1