[Cite as *Wilson v. Beck Energy Corp.*, 2017-Ohio-734.]

STATE OF OHIO, MONROE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ROBERT C. WILSON | ) | CASE NO. 15 MO 0010 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| BECK ENERGY CORP., et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS:     Appellant's Motion for Reconsideration under App.R. 26(A)(1).

JUDGMENT:     Motion Denied.

APPEARANCES:

For Plaintiff-Appellee:

Atty. Ethan Vessels
Fields, Dehmlow & Vessels
309 Second Street
Marietta, Ohio  45750

For Defendant-Appellant:

Atty. Scott M. Zurakowski
Atty. Joseph J. Pasquarella
Krugliak, Wilkins, Griffiths
  & Dougherty Co., L.P.A.
4775 Munson Street NW
P.O. Box 36963
Canton, Ohio  44735-6963

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated:  February 27, 2017

PER CURIAM.

**{¶1}** Appellant Beck Energy Corp., ("Beck") requests reconsideration of our Opinion in *Wilson v. Beck Energy Corp.*, 7th Dist. No. 15 MO 0010, 2016-Ohio-8564, pursuant to App.R. 26(A). Beck asserts that a mutual consent clause in the parties' oil and gas lease allowed them to extend the primary term of the lease at issue. Beck argues that Appellee Robert C. Wilson ("Wilson") continued to accept delay rental payments after the end of the primary term activating the mutual consent clause and extending the primary term for at least another year. The record does not support Beck's contention. As Appellant's motion is based on mere disagreement with our Opinion, and this does not provide appropriate grounds to support a motion for reconsideration, the motion is denied.

**{¶2}** On August 2, 2008, Beck and Wilson entered into an oil and gas lease. The lease included a two-tiered habendum clause with a primary term and secondary term. A primary term provides a definite term-of-year period within which the lease is effective. A secondary term allows for drilling to continue past the primary term if certain requirements are met. Here, the parties originally agreed to a ten-year primary term but later modified this term to three years in a separate agreement ("2008 Agreement"). The 2008 Agreement also stated that the primary term could be extended by the mutual consent of both the Lessor and Lessee. However, the agreement did not provide for a definite term in the event that the mutual consent provision was activated.

**{¶3}** The lease included a delay rental clause which allowed Beck to delay drilling within the primary term if yearly delay payments in the total amount of $41

were paid quarterly to Wilson. If Beck paid the delay rental payments, the primary term of the lease could continue without drilling. If not, the lease would automatically terminate and revert back to Wilson. Beck tendered delay rental payments to Wilson on a quarterly basis from August of 2008 until February of 2014. This period covered the three-year primary term and approximately two additional years after the end of the primary term. Wilson concedes that he received and cashed these payments. On March 13, 2014, Wilson filed a declaratory judgment action against Beck, Exxon, and XTO Energy, Inc. ("XTO"). Exxon and XTO were not part of the appeal. All parties filed respective motions for summary judgment. On April 9, 2015, the trial court granted Wilson's motion for summary judgment and denied the remaining motions.

{¶4} On appeal, Beck argued that once it sent delay rental payments and Wilson cashed those checks, the mutual consent clause was triggered and the primary term reverted back to the original ten-year term. Although we agreed that Wilson's actions in cashing the checks after the primary term ended served to extend the lease, the parties had not specified a definite term in the event that the lease was as extended. *Wilson* at ¶ 21. As such, we held that the primary term had ended, and the lease terminated, once Wilson filed his declaratory judgement action. *Id.* at ¶ 22.

{¶5} "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should

have been." *Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (10th Dist.1987), paragraph one of the syllabus.

**{¶6}** Here, Beck presents no obvious error in this Court's decision. "Reconsideration motions are rarely considered when the movant simply disagrees with the logic used and conclusions reached by an appellate court." *State v. Himes,* 7th Dist. No. 08 MA 146, 2010-Ohio-332, ¶ 4, citing *Victory White Metal Co. v. Motel Syst.,* 7th Dist. No. 04 MA 245, 2005-Ohio-3828; *Hampton v. Ahmed,* 7th Dist. No. 02 BE 66, 2005-Ohio-1766.

**{¶7}** Beck argues that the delay rental clause allowed it to delay drilling on a year-to-year basis. Beck takes issue with this Court's reference to a month-to-month lease. However, this Court's reference was merely an acknowledgment that, without a clearly defined term, Wilson could terminate the lease at any time. This is *akin* to a month-to-month lease. Regardless, Beck conceded that the last delay rental check that Wilson cashed covered November of 2013 to February of 2014. (Appellant's Brf., p. 3.) As such, Beck has not reserved the right to delay drilling for an entire year. This record reflects that Beck only reserved the right to delay drilling during the time period for which it made delay rental payments, which ended in February of 2014. It is apparent that Beck merely disagrees with the logic and conclusions reached by this Court.

**{¶8}** In order to prevail on a motion for reconsideration, an appellant must demonstrate an obvious error in our decision or that an issue was raised that was either not dealt with or was not fully considered. Disagreement with this Court's logic

and conclusions does not support a motion for reconsideration.  Accordingly, Beck's motion for reconsideration is denied.

Waite, J., concurs.

Donofrio, J., concurs.

Robb, P.J., concurs.