[Cite as *State v. Larkins*, 2018-Ohio-679.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 16 JE 0032 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| FRANK LEE LARKINS, JR. | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Appellant's Application for Reconsideration Pursuant to App.R. 26(A)(1).

JUDGMENT: Application Denied.

APPEARANCES:

For Plaintiff-Appellee: Atty. Jane M. Hanlin
Prosecuting Attorney
Atty. Frank J. Bruzzese
Assistant Prosecuting Attorney
Jefferson County Justice Center
16001 State Route 7
Steubenville, Ohio  43952

For Defendant-Appellant: Frank Lee Larkins, Jr., *Pro se*
#A683-521
Belmont Correctional Institution
68518 Bannock Rd.
P.O. Box 540
St. Clairsville, Ohio  43950

JUDGES:
Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated:  February 20, 2018

PER CURIAM.

**{¶1}** Appellant Frank L. Larkins, Jr. requests reconsideration of our Opinion in *State v. Larkins*, 7th Dist. No. 16 JE 0032, 2017-Ohio-9369, pursuant to App.R. 26(A). Appellant argues that this Court did not consider the trial court's failure to provide a curative instruction following witness testimony involving a prior bad act. As Appellant's motion is untimely and fails to raise an issue either not considered or not fully considered by this Court, the application is denied.

**{¶2}** On August 5, 2015, Appellant was indicted on one count of rape, a felony of the first degree in violation of R.C. 2907.02(A)(1)(b), (B). Appellant initially confessed to engaging in consensual sexual conduct with the twelve-year-old victim but later claimed that his confession was false. At trial, a videotaped interview and an audio recording of a phone call with his father where he confessed were both played for the jury and admitted into evidence.

**{¶3}** On May 19, 2016, the jury found Appellant guilty on the sole charge of the indictment. The trial court sentenced Appellant to life in prison without parole eligibility for ten years. Appellant is also required by law to report as a tier three sex offender. We affirmed Appellant's conviction and sentence in *Larkins, supra.*

> The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been.

*Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (10th Dist.1987), paragraph one of the syllabus.

**{¶4}** App.R. 26(A)(1)(a) states, in relevant part: "[a]pplication for reconsideration of any cause or motion submitted on appeal shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing as required by App. R. 30(A)."

**{¶5}** Appellant's judgment was mailed to his appellate counsel and a note relevant to this mailing was placed on the docket on December 19, 2017. To be timely, an application would have been filed no later than December 29, 2017. However, Appellant did not file his "motion" until January 2, 2018, four days after the deadline.

**{¶6}** Pursuant to App.R. 14(B), an "[e]nlargement of time to file an application for reconsideration or for en banc consideration pursuant to App. R. 26(A) shall not be granted except on a showing of extraordinary circumstances." Appellant contends that his counsel did not mail him a copy of the judgment entry until December 27, 2017. Appellant has not provided a copy of a mail log or other evidence supporting this contention. However, even if Appellant's application could be considered timely, he fails to raise an issue that was either not considered at all or was not fully considered by this Court.

**{¶7}** Appellant complains about our analysis regarding a witness who testified that Appellant had admitted to engaging in sexual conduct with several

underage victims. Appellant correctly states that when a witness innocently blurts out testimony regarding a prior bad act, the remedy is a curative instruction. See *State v. Howard-Ross*, 7th Dist. No. 13 MA 168, 2015-Ohio-4810, 44 N.E.3d 304. Appellant argues that the trial court did not provide such an instruction after a witness in his trial referred to a prior bad act. Contrary to Appellant's argument, as stated in our Opinion, the trial court did provide a curative instruction:

> Okay. The Jury is instructed to disregard the witness' last response as nonresponsive. You will not consider it for any purpose. It is to be not considered for any purposes as -- as if you never heard that statement.
>
> It is to be struck. Do you understand that? Okay. All right.

*Larkins* at ¶ 15.

**{¶8}** Appellant contends that we erred when we held that he did not suffer prejudice as a result of the witness' testimony. It is apparent that Appellant merely disagrees with the logic used and the conclusion reached by this Court. "Reconsideration motions are rarely considered when the movant simply disagrees with the logic used and conclusions reached by an appellate court." *State v. Himes*, 7th Dist. No. 08 MA 146, 2010-Ohio-332, ¶ 4, citing *Victory White Metal Co. v. Motel Syst.*, 7th Dist. No. 04 MA 245, 2005-Ohio-3828; *Hampton v. Ahmed*, 7th Dist. No. 02 BE 66, 2005-Ohio-1766.

**{¶9}** In order to prevail on an application for reconsideration, an appellant must demonstrate an obvious error in our decision or that an issue was raised that was either not dealt with or was not fully considered. Mere disagreement with this

Court's logic and conclusions does not support a motion for reconsideration. Accordingly, Appellant's application for reconsideration is denied.

Waite, J., concurs.

Donofrio, J., concurs.

Robb, P.J., concurs.