[Cite as *State v. Labiaux*, 2018-Ohio-678.]

STATE OF OHIO, HARRISON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 16 HA 0016 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| FRANK H. LABIAUX, JR. | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:        Appellant's Application for Reconsideration

JUDGMENT:        Application Denied.

APPEARANCES:

For Plaintiff-Appellee:        Atty. T. Owen Beetham
Harrison County Prosecutor
Atty. Jack L. Felgenhauer
Assistant Prosecuting Attorney
111 W. Warren Street
P.O. Box 248
Cadiz, Ohio 43907

For Defendant-Appellant:        Frank Labiaux, *Pro se*
P.O. Box 44
Hopedale, Ohio 43976

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: February 20, 2018

PER CURIAM.

{¶1} Appellant Frank Labiaux requests reconsideration of our Opinion in *State v. Labiaux*, 7th Dist. No. 16 HA 0016, 2017-Ohio-7760, pursuant to App.R. 26(A). Appellant argues that the forfeiture of his driver's license violates his right to travel. For the following reason, we deny Appellant's application for reconsideration.

{¶2} Appellant's vehicle was pulled over in Cadiz, Ohio and he was cited for driving without a license. The ticket specified that Appellant was required to appear before the trial court. Appellant received a notice ordering him to appear at an arraignment on June 21, 2016. When Appellant failed to enter an appearance, the court gave him additional time to appear and scheduled a second arraignment for July 5, 2016. When Appellant again failed to appear, the court issued a declaration of forfeiture of his driver's license. We affirmed the trial court's decision in *Labiaux, supra.*

> The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been.

*Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (10th Dist.1987), paragraph one of the syllabus.

{¶3} "Reconsideration motions are rarely considered when the movant simply disagrees with the logic used and conclusions reached by an appellate court." *State v. Himes*, 7th Dist. No. 08 MA 146, 2010-Ohio-332, ¶ 4, citing *Victory White*

*Metal Co. v. Motel Syst.*, 7th Dist. No. 04 MA 245, 2005-Ohio-3828; *Hampton v. Ahmed*, 7th Dist. No. 02 BE 66, 2005-Ohio-1766.

**{¶4}** App.R. 26(A)(1)(a) states, in relevant part: "[a]pplication for reconsideration of any cause or motion submitted on appeal shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing as required by App. R. 30(A)." Here, the docket reflects that our Opinion was mailed to Appellant on September 18, 2017. To be timely, an application would have been filed by September 28, 2017. Appellant did not file his motion until October 18, 2017, thirty days after the deadline.

**{¶5}** Pursuant to App.R. 14(B), an "[e]nlargement of time to file an application for reconsideration or for en banc consideration pursuant to App. R. 26(A) shall not be granted except on a showing of extraordinary circumstances." Appellant has not argued nor shown extraordinary circumstances. In fact, he does not address the untimeliness of his application. Thus, his application is denied as untimely.

**{¶6}** Even if Appellant's application were timely, the sole argument presented in his application was not raised on direct appeal. App.R. 26 allows an appellant to request reconsideration of an obvious error in the Court's decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. As Appellant's argument was not raised by him in his direct appeal, it cannot form the basis for an application for reconsideration.

**{¶7}**  In order to prevail on an application for reconsideration, an appellant must demonstrate an obvious error in our decision or that an issue was raised that was either not dealt with or was not fully considered.  Appellant's application was untimely and is based on an argument that was not raised on direct appeal.  Accordingly, Appellant's application for reconsideration is denied.

Waite, J., concurs.

Donofrio, J., concurs.

Robb, P.J., concurs.