[Cite as *Neuhart v. Transatlantic Energy Corp.*, 2018-Ohio-5115.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
NOBLE COUNTY

VELMA J. NEUHART, et al.,

Plaintiffs-Appellants,

v.

TRANSATLANTIC ENERGY CORP., et al.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 17 NO 0449

---

Appellants' Partial Motion for Reconsideration;
Appellees' Motion for Reconsideration

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Appellants' Partial Motion for Reconsideration Granted.
Appellees' Motion for Reconsideration Denied.

---

*Atty. David J. Wigham*
*Atty. Lucas K. Palmer*
*Atty. J. Breton McNab* and
*Atty. Leighann K. Fink*, Roetzel & Andress, LPA, 222 South Main Street, Suite 400, Akron, Ohio 44308, for Plaintiffs-Appellants Velma J. Neuhart, Charles R. Neuhart, Marilyn Neuhart, James Waldie, Mary Lou Waldie, Candie Clark, Robert Clark, Menno A. Byler, Menno M. Byler, Jr., and Christina E. Byler

*Atty. J. Kevin West*, Steptoe & Johnson PLLC, 41 South High Street, Suite 2200, Columbus, Ohio 43215 and
*Atty. Melanie Morgan Norris*, Steptoe & Johnson PLLC, 1233 Main Street, Suite 3000, P.O. Box 751, Wheeling, West Virginia 26003-0751, for Defendant-Appellee Gulfport

Energy Corporation

*Atty. Daniel P. Corcoran,*
*Atty. James S. Huggins*, and
*Atty. Kristopher O. Justice*, Theisen Brock, L.P.A., 424 Second Street, Marietta, Ohio 45750, for Defendants-Appellees, Northwood Energy Corporation, Ralph W. Talmage, Trustee of the Ralph W. Talmage Trust, and David E. Haid, Trustee of the David E. Haid Trust

*Atty. John P. Brody*, Kegler Brown Hill & Ritter, 65 E. State Street, Suite 1800, Columbus, Ohio 43215, for Defendant Transatlantic Energy Corp., Don Quest and Candace Bennett

*Atty. W. Prentice Snow*, Morrow & Erhard Co., L.P.A., 10 W. Locust Street, P.O. Box 487, Newark, Ohio 43055, for Defendant Sabre Energy Corporation.

Dated: December 11, 2018

---

**PER CURIAM.**

**{¶1}** Appellants Velma J. Neuhart, Charles R. Neuhart, Mary Lou Waldie, James Waldie, Candie J. Clark, Menno A. Byler, Marie A. Byler, Menno M. Byler, Jr., and Christina E. Byler have filed a motion for partial reconsideration of our decision in *Neuhart v. TransAtlantic Energy Group,* 2018-Ohio-4099, -- N.E.3d -- (7th Dist.). Appellants argue that paragraph three of our Opinion erroneously describes the acreage of land involved in the appeal. Appellees also filed a motion for reconsideration, arguing that the matter should be remanded for consideration of several defenses that were presented in their answer to the complaint but were not addressed at the summary judgment stage. For the reasons provided, Appellants' motion for partial reconsideration is granted and Appellees' motion for reconsideration is denied.

**{¶2}** This oil and gas action involves two tracts of land in Beaver Township, Noble County: the Neuhart property and the Waldie property. In 1991, Appellants and

TransAtlantic Energy Corp. ("TransAtlantic") entered into an oil and gas lease. The lease contains a two-tiered habendum clause setting out both a primary and secondary term. The length of the primary term was two years. The clause provided that the lessee would remain in the lease past the primary term "so much longer thereafter as oil or gas or their constituents are produced or are capable of being produced on the premises in paying quantities, in the judgment of the Lessee." (June 9, 1991 Lease, paragraph 2.)

{¶3} On the same day they signed the lease, TransAtlantic sent Neil and Velma Neuhart an amendment letter agreeing to release any undrilled acreage in the event that three wells were not drilled on the property by the end of the primary term. When the primary term ended in 1993, TransAtlantic had drilled two wells on the Neuhart property.

{¶4} Appellants first learned that TransAtlantic and Northwood continued to claim an interest in the undrilled acreage in 2011. On October 13, 2011, Velma J. Neuhart filed and recorded an affidavit of nonproduction regarding the wells. Appellants then sent TransAtlantic a notice of abandonment. Appellants also sent TransAtlantic and Northwood a letter stating their belief that TransAtlantic's interest in the undrilled acreage had terminated pursuant to the June 9, 1991 amendment letter. Both TransAtlantic and Northwood responded, claiming they had a continuing interest in the undrilled acreage.

{¶5} On June 22, 2015, Appellants filed a complaint against Appellees, collectively. The parties filed competing motions for summary judgment. The trial court bifurcated the issues as follows: 1) whether any arguments regarding the undrilled land

were barred by the statute of limitations, and 2) whether the drilled land was producing in paying quantities.  On November 15, 2016, the trial court granted summary judgment in favor of Appellees on the issues involving the undrilled acreage.  On June 13, 2017, the trial court also granted summary judgment in favor of Appellees on the remaining issue of paying quantities.

{¶6}   On appeal, we reversed the trial court's decision that the statute of limitations barred Appellants' arguments regarding the undrilled acreage and affirmed the court's decision that the remaining acreage was producing oil and gas.  As to the undrilled acreage, we held that the June 9, 1991 amendment letter amounted to a Pugh clause, allowing the undrilled acreage otherwise subject to the lease to return to Appellants automatically by operation of law when Appellees failed to comply with the terms of the Pugh clause.

> The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been.

*Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (10th Dist.1987), paragraph one of the syllabus.

{¶7}   "Reconsideration motions are rarely considered when the movant simply disagrees with the logic used and conclusions reached by an appellate court."  *State v. Himes*, 7th Dist. No. 08 MA 146, 2010-Ohio-332, ¶ 4, citing *Victory White Metal Co. v.*

*Motel Syst.*, 7th Dist. No. 04 MA 245, 2005-Ohio-3828; *Hampton v. Ahmed*, 7th Dist. No. 02 BE 66, 2005-Ohio-1766.

{¶8} Here, Appellants seek partial reconsideration of our Opinion pertaining to the undrilled acreage. Specifically, they contend that in our Opinion we switched the property descriptions for the Waldie property and Neuhart property. They do not otherwise challenge this Court's Opinion.

{¶9} Our review of the record shows that the parties have used the nomenclature "Waldie property" and "Neuhart property" interchangeably. The parties also labeled the existing wells as the "Neuhart wells" which they now argue are actually located on the Waldie property. Due to the confusion created by the parties' own descriptions, and which occurred at the trial court level, we grant Appellants' motion for partial reconsideration and direct the trial court on remand to correctly identify the description of the property at issue in this case.

{¶10} Appellees ask this Court to instruct the trial court to consider defenses raised in their answer to Appellants' complaint. These defenses include issues pertaining to the statute of frauds and request the court to award equitable remedies. The underlying Opinion in this matter clearly resolves all issues pertaining to the undrilled acreage, including any that Appellees raised in their answer to Appellants' complaint. In holding that the land automatically reverted to Appellants by operation of law, we expressly held that Appellants were not required to take any further action to reclaim their land. Thus, there are no defenses available to Appellees in this matter and there are no remaining issues in this regard to remand to the trial court.

{¶11} Accordingly, Appellants' sole argument pertaining to its motion for partial reconsideration is granted and Appellees' motion for reconsideration is denied.

**JUDGE CHERYL L. WAITE**

**JUDGE GENE DONOFRIO**

**JUDGE CAROL ANN ROBB**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**