[Cite as *Smith v. Collectors Triangle, Ltd.*, 2020-Ohio-6966.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## HARRISON COUNTY

PATRICIA CAROL SMITH et al.,

Plaintiffs-Appellants,

v.

COLLECTORS TRIANGLE, LTD. et al.,

Defendants-Appellees.

---

### OPINION AND JUDGMENT ENTRY
### Case No. 19 HA 0010

---

Appellants' Application for Partial Reconsideration

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Sara E. Fanning*, Roetzel & Andress, LPA, 41 South High Street, Huntington Center, 21st Floor, Columbus, Ohio 43215 and *Atty. David J. Wigham* and *Atty. Emily K. Anglewicz*, Roetzel & Andress, LPA, 222 South Main Street, Suite 400, Akron, Ohio 44308, for Plaintiffs-Appellants

*Atty. Andrew P. Lycans* and *Atty. Eric T. Michener*, Critchfield, Critchfield & Johnston, LTD, 225 North Market Street, P. O. Box 599, Wooster, Ohio 44691, for Defendants-Appellees Collectors Triangle, Ltd.

*Atty. Nathan D. Vaughn* and *Atty. Giuseppe Ionno*, Kimble Company, 3596 S.R. 39 NW, Dover, Ohio 44622, for Defendants-Appellees ESK ORI, LLC, GDK ORI, LLC, GWK ORI, LLC, JEM ORI, LLC, KBK ORI, LLC, and RHDK Oil & Gas, LLC.

*Atty. Kevin Colosimo*, *Atty. Christopher Rogers*, and *Atty. Daniel P. Craig*, Frost Brown Todd, LLC, Union Trust Building, 501 Grant street, Suite 800, Pittsburgh, Pennsylvania 15219, for Defendant-Appellee Ascent Resources-Utica, LLC.

Dated: December 31, 2020

---

**PER CURIAM.**

{¶1} Appellants Patricia Carol Smith, Catherine Finney, Agnes Worrell, and Doug Worrell have filed a motion for partial reconsideration of our decision in *Smith v. Collectors Triangle, Ltd.*, 7th Dist. Harrison No. 19 HA 0010, 2020-Ohio-4823. Appellants argue that in paragraph three of our Opinion we erroneously describe the acreage involved in the appeal. For the reasons provided, Appellants' motion for partial reconsideration is denied.

> The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been.

*Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (10th Dist.1987), paragraph one of the syllabus.

Case No. 19 HA 0010

{¶2} "Reconsideration motions are rarely considered when the movant simply disagrees with the logic used and conclusions reached by an appellate court." *State v. Himes*, 7th Dist. Mahoning No. 08 MA 146, 2010-Ohio-332, ¶ 4, citing *Victory White Metal Co. v. Motel Syst.*, 7th Dist. Mahoning No. 04 MA 245, 2005-Ohio-3828; *Hampton v. Ahmed*, 7th Dist. Belmont No. 02 BE 66, 2005-Ohio-1766.

{¶3} Here, Appellants seek partial reconsideration of our Opinion pertaining to land acreage descriptions. The initial filing in this matter involved two parcels of property. Appellants contend that, contrary to our Opinion, their appeal concerned both the 63.7 and the 103.75 acre tracts of land.

{¶4} This matter came to us on a motion to dismiss in the trial court and therefore, has a limited factual record. In our underlying Opinion we noted that it was unclear whether the oral agreement at issue in the matter applied to the 103.75 acre tract due to this limited record and the fact that the larger tract of land was not part of the appeal.

{¶5} The limited evidence within the record shows that the original property, which included both tracts of land, was sold during partition proceedings. The 63.7 acre tract was eventually sold to Collector's Triangle by means of a 1998 Sheriff's Deed. The 103.75 acre tract of land was sold in a separate sheriff's deed. There is no evidence within the record to suggest that the grantee of the deed to the larger tract is associated with Collector's Triangle. The grantee was not named as a party in the instant complaint. As such, neither the trial court nor this Court has the ability to declare that the 103.75 tract of land is bound to the oral agreement alleged in this matter.

{¶6} Importantly, while the amended complaint alleged that the oral agreement and the oil and gas lease applies to both tracts of land, this is immaterial and irrelevant to

the matter at hand. The issues presented to the trial court and on appeal to this Court were limited to whether the 1998 Sheriff's Deed can be collaterally attacked to challenge what rights were retained by Mildred and Adrian Worrell, and the extent to which those rights were then conveyed to Collector's Triangle through the 2006 General Warranty Deed. Appellants concede that neither the 1998 Sheriff's Deed nor the 2006 General Warranty Deed apply to the 103.75 acre tract they now reference.

{¶7}	Appellants attempt to compare this case to *Neuhart v. TransAtlantic Energy Corp.*, 7th Dist. Noble No. 17 NO 0449, 2018-Ohio-5115, appeal not allowed, 155 Ohio St.3d 1421, 2019-Ohio-1421, 120 N.E.3d 867, ¶ 10 (2019). However, the issue in that case is completely inapposite. In *Neuhart,* the parties created confusion as to the property descriptions by labeling them and interchangeably using the labels during the trial court proceedings. Furthering this confusion, the "Neuhart Well" was apparently located on the Waldie property, not the Neuhart property. We remanded the matter to allow the parties to clarify and appropriately label the properties involved.

{¶8}	Here, there is no such confusion. This case involves 63.7 acres that passed to Collector's Triangle by means of the 1998 Sheriff's Deed. The 103.75 property was sold to a party not involved in these proceedings through a separate and distinct sheriff's deed. While the alleged oral agreement may apply to the 103.75 acre tract, that is irrelevant to these proceedings. If Appellants wish to litigate whether the oral agreement they allege applies to the larger parcel, they must file an action naming the appropriate parties and raise an issue that relates to that property.

{¶9}	For these reasons, Appellants' motion for partial reconsideration is denied.

Case No. 19 HA 0010

**JUDGE CHERYL L. WAITE**

**JUDGE GENE DONOFRIO**

**JUDGE DAVID A. D'APOLITO**

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**