[Cite as *Mineral Dev., Inc. v. SWN Prod., L.L.C.*, 2025-Ohio-827.]

# IN THE COURT OF APPEALS OF OHIO

### SEVENTH APPELLATE DISTRICT
### MONROE COUNTY

### MINERAL DEVELOPMENT, INC.,

Plaintiff-Appellee,

v.

### SWN PRODUCTION (OHIO), LLC, et al.,

Defendants-Appellant.

---

### OPINION AND JUDGMENT ENTRY
### Case No. 24 MO 0013

---

Motion for Reconsideration

**BEFORE:**
Carol Ann Robb, Mark A. Hanni, Katelyn Dickey Judges.

---

**JUDGMENT:**
The Application for Reconsideration is denied.

---

*Atty. Sara E. Fanning*, Roetzel & Andress, LPA, and *Atty. Rex W. Miller,* Lesh, Casner & Miller, for Defendant-Appellant Michael W. Shroyer and

*Atty. Daniel P. Corcoran,* Theisen Brock, for Plaintiff-Appellee

Dated**:** March 12, 2025

**PER CURIAM.**

{¶1}   Defendant-Appellant Michael W. Shroyer filed a timely App.R. 26(A)(1) application to reconsider our decision affirming the summary judgment entered by the Monroe County Common Pleas Court in favor of Plaintiff-Appellee Mineral Development, Inc.  We held:  the three horizontal wells traversing beneath the surface plainly qualified as a well drilled on the premises for purposes of the 1918 deed reserving a royalty interest in oil and gas production; the landowner could not exclude the royalty interest from royalties by signing a lease with pooling and unitization clauses; and by binding the land to a lease providing royalty rights from production on all pooled land, even the fourth well, that did not traverse beneath the premises at issue, qualified as a well drilled on the premises to which the royalty interest in oil and gas produced applies.  *Mineral Dev., Inc. v. SWN Prod. (Ohio), LLC*, 2025-Ohio-395, ¶ 2 (7th Dist.).

{¶2}   "In order to prevail on an application for reconsideration, an appellant must demonstrate an obvious error in our decision or that an issue was raised that was either not dealt with or was not fully considered."  *State v. Carosiello*, 2018-Ohio-860, ¶ 12 (7th Dist.).  "Mere disagreement with this Court's logic and conclusions does not support an application for reconsideration."  *Id.  See also Victory White Metal Co. v. Motel Syst., Inc.*, 2005-Ohio-3828, ¶ 2 (7th Dist.) (the purpose of reconsideration is not to reargue one's appeal based on dissatisfaction with the logic used and conclusions reached by an appellate court); *Hampton v. Ahmed*, 2005-Ohio-1766, ¶ 16  (7th Dist.) ("An application for reconsideration may not be filed simply on the basis that a party disagrees with the prior appellate court decision.").

{¶3}   Claiming our decision contained an obvious error or was unsupportable under the law, Appellant broadly states we violated general contract law on applying deed language without adding words on what it is believed the parties meant to say.  Emphasizing extrinsic evidence must be limited to the time at which the contract was made, Appellant says the only proper extrinsic evidence was his expert's affidavit (on the non-existence of horizontal drilling in 1918) and claims we used the pooling and unitization clause in his 2012 lease as extrinsic evidence to alter the meaning of the royalty interest in a 1918 deed.

Case No. 24 MO 0013

**{¶4}** However, we reviewed and applied the proffered contract law by citing Supreme Court case law stating we are to: presume the parties' intent is expressed by the language employed in the written instrument; apply the plain and unambiguous language in the four corners of the deed; and refuse to "interpret" language or create a new contract if the intent can be determined from the plain language. *Mineral Dev.* at ¶ 19-20. We also cited Supreme Court law emphasizing ambiguity shall not be created where it does not exist and competing interpretation does not mean an instrument is ambiguous if one interpretation is not reasonable. *Id.* at ¶ 24, 43.

**{¶5}** As to the affidavit on vertical (or near-vertical wells during the relevant time period), we observed, "The fact that only vertical wells were in use at the time of the 1918 deed does not give the word 'on' special meaning or suggest the grantor was not reserving the royalty interest for all production from the land." *Id.* at ¶ 43. After reviewing the law relevant to Appellant's various arguments, which we set forth in detail, we applied the plain language of the word "on" in the 1918 deed.

**{¶6}** Contrary to his argument, we did not utilize the 2012 lease as extrinsic evidence of the intent behind the 1918 deed. The lease was part of the factual background on how the suit arose, the basis for the declaratory judgment and quiet title action against Appellant (and for Appellant's counterclaim plus his cross-claim against the oil and gas companies). The lease was the very item the court was asked to evaluate as either triggering or being irrelevant to the royalty interest in dispute. The royalty payments said to be due to Appellee under the 1918 deed were generated as a result of the wells drilled under the 2012 lease, which was paying royalties to the landowner. This court answered questions of law and found the 1918 deed was not ambiguous and clearly entitled a non-participating royalty interest to share in the royalties at issue in this case, which were generated by production from a lease pooling and thereby binding the premises. *See id.* at ¶ 18, 23, 42-43, 46-51, 55.

**{¶7}** We thoroughly reviewed Appellant's argument, explained our rationale, and supported our position in rejecting Appellant's contentions. Appellant merely disagrees with our logic and conclusions. The application for reconsideration is denied.

**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**

**JUDGE KATELYN DICKEY**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**